[No. 13235.   Department Two. — February 27, 1890.]

# EDWARD RILEY, RESPONDENT, *v.* ANDREW SIMPSON ET AL., APPELLANTS.

LANDLORD AND TENANT — NUISANCE — LANDLORD'S LIABILITY TO STRANGER.
— A landlord is not liable to a stranger for consequences resulting from
a nuisance upon the leased premises unless the nuisance existed at the
time the premises were demised, or the structure was in such a condition
that it would be likely to become a nuisance in the ordinary and reason-
able use of the same for the purpose for which it was constructed and
let, and the landlord failed to repair it, or the landlord authorized or
permitted the act which caused it to become a nuisance occasioning the
injury.

ID. — AUTHORIZING AND CONTRIBUTING TO NUISANCE — LIABILITY OF
LANDLORD FOR FALL OF AWNING. — Where the landlord not only au-
thorized or permitted the act of the tenant which caused the nuisance
occasioning the injury, but contributed to it by furnishing material to
be used in creating it, he is liable for the consequences of such act.
The owners and lessors of a building, who knew of and consented to
the erection of an awning by the tenants, and contributed lumber to its
construction, are liable for damages occasioned to third parties by the
falling of the awning and a portion of the brick wall to which it was
attached, by reason of the insufficiency of the wall to support the
burden.

APPEAL from a judgment of the Superior Court of
San Joaquin County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*W. L. Dudley,* and *W. M. Gibson,* for Appellants.

*J. C. Campbell,* and *James H. Budd,* for Respondent.

SHARPSTEIN, J. — This action is brought to recover
damages caused by the falling of an awning and a por-
tion of a brick wall upon the plaintiff while passing
along upon a sidewalk under said awning. Defendants
were the owners and lessors of the building to which
said awning was attached. The case was tried by a
jury, which rendered a verdict in favor of the plaintiff
for five thousand dollars. Defendants moved for a new

trial on several grounds, one of them being "insufficiency of the evidence to justify the verdict." The motion for a new trial was overruled, and from the order overruling it, and the judgment, this appeal is taken.

There was sufficient evidence to justify a finding that the wall to which the awning was attached was not of sufficient strength to support that burden, although it did support it several months. But the evidence is abundantly sufficient to justify a finding that it was carelessness to hang such an awning to a wall in the condition that this wall is proven to have been. And somebody was guilty of carelessness in placing it there. The building, or some part of it, was occupied by tenants of appellants, and it was doubtless at the instance of those tenants that the awning was put up, and it was put up by contractors employed by said tenants. But appellants not only knew of and consented to the erection of the awning, but contributed the lumber for its construction, the tenants providing the iron used in the construction of it, and paying the contractors for the work on it.

In *Kalis* v. *Shattuck*, 69 Cal. 593, 58 Am. Rep. 568, this court said: " It is well settled that a landlord is not liable for such consequences unless,— 1. The nuisance occasioning the injury existed at the time the premises were demised; or 2. The structure was in such a condition that it would be likely to become a nuisance in the ordinary and reasonable use of the same for the purpose for which it was constructed and let, and the landlord failed to repair it (*Jessen* v. *Sweigert*, 66 Cal. 182; *Rector* v. *Burkhard*, 3 Hill, 193; *Mullen* v. *St. John*, 57 N. Y. 569; 15 Am. Rep. 530; *Hussey* v. *Ryan*, 11 Cent. Rep. 626; Wood on Nuisances, secs. 295, 676; Wood on Landlord and Tenant, 918); or 3. The landlord authorized or permitted the act which caused it to become a nuisance occasioning the injury."

In this case appellants not only *authorized or permitted*

*the act which caused the nuisance occasioning the injury,
but contributed to it by furnishing material to be used in
creating it.* Under the rule above stated, appellants are
certainly liable for the consequences of an act to which
they contributed.

We perceive no merit in any of the exceptions taken
to the rulings of the court during the trial. The dam-
ages awarded the plaintiff are not, in our opinion, ex-
cessive, and the instruction of the court upon the
subject of damages was not erroneous.

Judgment and order affirmed.

THORNTON, J., and McFARLAND, J., concurred.