[No. 13485. In Bank. — July 30, 1890.]

## In the Matter of the Guardianship and Estate of ALBERT C. ESCHRICH et al., Minors.

Guardian and Ward — Account of Guardian — Board of Wards. — Items in a guardian's account for payment of board of his wards while living with their elder brother, many years before the presentation of the account, are properly disallowed, where it appears that the brother made no demand for such payment, and did not claim that he was entitled to compensation for their keeping, and there is no evidence that any amount was agreed to be paid him, or as to what their keeping was worth, or whether it was worth anything beyond their services; it further appearing that the guardian, without demand or claim against his wards, hunted up the brother and proposed to settle for the board, and voluntarily gave his note therefor, when cited to account upon petition of his wards ten years after his appointment.

Id. — Long Delay of Guardian to Account — Use of Wards' Money — Compound Interest. — Where a guardian has received money due his wards, which he has kept and used for his own purposes, and rendered no accounting for many years, until cited to appear and account on the petition of his wards, he is properly chargeable with interest upon the money received compounded annually.

Id. — Law Strictly Applied against Guardian Failing to Account. — A guardian who has collected money of his wards, used it, and does not account for it until forced to do so by the court many years later, is entitled to nothing more than the strict letter of the law allows him.

Rejection of Evidence — Undisputed Fact — Appeal — Error not Prejudicial. — The refusal of the court to hear evidence, where there is no dispute as to the fact sought to be proven, is not error for which the judgment should be reversed, if there was no formal offer to prove the fact, and no question asked and disallowed upon which an exception could have been reserved.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Guthrie & Lee,* for Appellants.

Guardian has a right to determine what is necessary and proper in respect to support and education of the ward under all circumstances of the case. (Reeves on Domestic Relations, sec. 324; Schouler on Domestic Relations, sec. 337; Field on Guardian and Ward, sec. 114; *Kraker* v. *Byrum,* 12 Rich. 163; *Caldwell* v. *Younger,* 21 Tex. 800.) The guardian will be allowed for expenses incurred and money paid in supporting, clothing, and educating, in a suitable manner, his ward. (*McKanna* v. *Merry,* 61 Ill. 177; *Smith's Appeal,* 30 Pa. St. 397; 2 Kent's Com. 239.) Accepting a promissory note is an extinguishment of a debt, where the note is accepted as such payment. (*Mitchell* v. *Hockett,* 25 Cal. 543; *Griffith* v. *Grogan,* 12 Cal. 317; *Estate of Dunn,* 58 Cal. 543; Addison on Contracts, sec. 333, and notes; 2 Parsons on Contracts, 5th ed., p. 624, and notes.) A guardian acting in good faith without authority is only chargeable with lawful interest. (*Guardianship of Cardwell,* 55 Cal. 137; *Estate of Holbert,* 48 Cal. 630; *Thompson* v. *Brown,* 4 Johns. Ch. 628; *Estate of McQueen,* 44 Cal. 584; *Estate of Gasq,* 42 Cal. 289.) A trustee is not to pay interest solely for the reason that he deposits the trust moneys indiscriminately with his own, nor because he makes use of them in his own business. There must be superadded a breach of trust, a neglect or refusal to invest the fund, at the time or in the mode which the trust or the law itself has pointed out. (*Rapalje* v. *Hall,* 1 Sand. Ch. 399; *McNair* v. *Ragland,* 1 Dev. Eq. 517; *Sparhawk* v. *Buell,* 9 Vt. 42.)

*Dupuy & Bentley,* and *Antonio Orfila,* for Respondents.

WORKS, J. — William Moore was appointed the guardian of Albert C. and Charles Eschrich, and, as such guardian, received from the sale of certain lands belonging to them the sum of one thousand dollars, one half of which belonged to each. He allowed several years to pass without taking any steps in the matter of his trust, and used this money for his own purposes. On the petition of his wards he was cited to appear and render an accounting. He filed his account, in which he charged himself with one thousand dollars, and gave himself credit for $312, alleged to have been paid for two years' board for Charles, and $468, alleged to have been paid for three years' board for Albert. He also gave himself credit for seventy-five dollars for two cows furnished to Charles. These items were disputed, and the court disallowed the claims for board, and allowed only fifty dollars for the cows. The court also charged the guardian with seven per cent interest on the money received by him, with annual rests. The guardian appeals from and complains of these rulings.

The evidence shows that at the time of Moore's appointment as guardian his wards were living with their elder brother, Fred Eschrich, and that they continued to live with him afterward. The evidence of Moore tends slightly to show that he stated to Eschrich that the keeping of the boys would be paid for, but his recollection of any such promise seems to be very uncertain. And whether he agreed to pay for their keeping or not, he did not do so before this proceeding was instituted, and according to Moore's own testimony, Eschrich made no demand upon him for any such payment, nor did he claim that he was entitled to compensation for their keeping.

Moore was appointed guardian February 14, 1877, and during the same year received the amount of money above mentioned. This proceeding was commenced December 1, 1888, more than ten years later. As soon

as the petition was filed, Moore, without any demand having been made upon him by Eschrich, or any claim being made by him against his wards, hunted Eschrich up, and proposed to settle with him for his brothers' board, and upon settlement gave Eschrich his note for $780. There was no evidence that any fixed amount was agreed upon to be paid to Eschrich in the beginning, nor is there any evidence as to what their keeping was worth, or that it was worth anything over and above what their work was worth to him. Under these circumstances the court below was clearly right in disallowing these claims.

As to the amount allowed for the cows, the evidence was conflicting as to their value, and we cannot disturb the finding on that issue.

The evidence shows that Moore had converted the money of his wards to his own use, and had used it for a number of years without accounting for it in any way. Under such circumstances, he was properly charged with the interest compounded annually. (*Estate of Stott*, 52 Cal. 403; *Estate of Clark*, 53 Cal. 355; *Merrifield* v. *Longmire*, 66 Cal. 180.) The cases cited relate to executors and administrators, but the rule must be the same as to guardians, under the circumstances of this case.

It is further contended by the appellant that the court below erred in excluding certain evidence offered. Fred Eschrich was called as a witness for the appellant, and testified that he had presented his account to the guardian "a winter or so ago." The court remarked that the claim had been "outlawed." The counsel for appellant then asked: "Would the court hear evidence with regard to his keeping those boys?" And the court said that he did not care to hear any evidence on that point. There was no formal offer to prove any fact or any question asked and not allowed upon which an exception could have been reserved. There did not seem to be any dispute about the witness having kept the boys, and no

further evidence was needed on the point. We cannot say, therefore, that there was any error committed in this ruling for which the judgment should be reversed. The conclusion reached by the court below seems to us to have been just and right. The guardian had collected the moneys of his wards, used it, and did not attempt to account for it until forced to do so by the court ten years later. Such having been his conduct, he is not entitled to anything more than the strict letter of the law allows him.

Judgment affirmed.

Fox, J., SHARPSTEIN, J., McFARLAND, J., and THORNTON, J., concurred.