[S. F. No. 3433.  Department Two.—July 24, 1903.]

## In the Matter of the Estate and Guardianship of ELIZA-BETH HELEN HAMILTON, a Minor.

GUARDIAN AND WARD—PRIVATE INVESTMENT BY GUARDIAN—FINAL AC-COUNT—COMPOUND INTEREST.—A guardian who has invested the funds of his ward in his own business is chargeable in his final account with the amount invested, with interest thereon from the date at which he received it, compounded annually.

APPEAL from a decree of the Superior Court of Alameda County settling the final account of a guardian.  F. B. Ogden, Judge.

The facts are stated in the opinion.

William H. Waste, and Harry H. Johnson, for Appellant.

Thomas F. Graber, for Respondent.

HAYNES, C.—Appeal from a decree settling the final account of W. T. Hamilton as guardian of said Elizabeth H. Hamilton.  There is no statement or bill of exceptions.  The ward appeals.

From the findings it appears that said W. T. Hamilton was on February 25, 1889, appointed guardian of the person and estate of his daughter, the said Elizabeth, then of the age of nine years; that he failed to file any statement or inventory of the estate of said ward, or any account of his guardianship, until required to do so by an order of the court made March 16, 1901; that immediately after said appointment he received $331.38, which constituted the entire estate of the ward; that at the date of his appointment he paid clerk's fees, five dollars, and an attorney's fee of twenty-five dollars, and invested the balance of the money in his own business, and lost the whole thereof by reason of his said investment. In his first and final account filed pursuant to said order, and in his report filed therewith, he charged and alleged that in September, 1897, he transferred to her certain household property of the value of seven hundred dollars, in full settle-ment of his liability as guardian, she being then of age; that

since her majority he had also paid her fully twenty-five dollars, and had also paid her grandmother fully two hundred and fifty dollars for the support of his said ward during her minority, but the court found against him on these several items, and found and decreed "that there is due from said guardian to said ward the sum of $295.38, together with interest from the . . . day of September, 1897, at the rate of seven per cent per annum, compounded annually."

Appellant contends that the court having found that the guardian invested the funds of his ward in his own business, should have charged him with the amount so invested, together with interest thereon from the date at which he received it, compounded annually.

*In re Eschrich,* 85 Cal. 98, was a similar case. It was there said: "The evidence shows that Moore had converted the money of his wards to his own use, and had used it for a number of years without accounting for it in any way. Under such circumstances he was properly charged with the interest compounded annually." Said case was cited and expressly approved in *Guardianship of Ceas,* 134 Cal. 114. 116. The same rule prevails in cases of executors and administrators. (See *Estate of Stott,* 52 Cal. 403; *In re Hilliard,* 83 Cal. 423; *Miller* v. *Lux,* 100 Cal. 609.) That the rule is the same in both classes of cases is distinctly stated in the case of *In re Eschrich,* 85 Cal. 98.

The account filed by the guardian shows that the money was received "September . . . 1889"; and the decree should be modified by substituting 1889 in place of 1897, as the date from which interest should be computed, and as so modified that the decree be affirmed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the decree appealed from be modified by substituting 1889 in place of 1897 as the date from which interest should be computed, and as so modified that it be affirmed.

McFarland, J., Lorigan, J., Henshaw, J.