[L. A. No. 1344. Department Two.—August 9, 1905.]

## ALFRED LEIGH GLASSELL, Respondent, v. ANDREW GLASSELL, and HUGH GLASSELL, Executors of the Estate of Andrew Glassell, Appellants.

GUARDIAN AND WARD—WILL OF GUARDIAN—DIRECTION TO PAY WARDS—WAIVER OF STATUTE OF LIMITATIONS—RECOVERY BY WARD.—Where a deceased father who was the guardian of property of his children had invested it in his business, and had directed his executors to pay the balance due to each, besides willing to each a large sum of money, and had expressly provided in his will that the benefit of the statute of limitations was expressly waived and repudiated as to all of his obligations, his executors cannot urge the statute of limitations against the claim of a ward for the balance due to him as such, and he may recover such balance by virtue of the will.

ID.—COMMINGLING OF FUNDS—ALLOWANCE OF COMPOUND INTEREST—DISALLOWANCE FOR SERVICES.—The guardian not having accounted with the wards during his lifetime, and having mingled their funds with his own, it was not error to allow interest on the amounts found due, at the rate of seven per cent per annum, compounded annually, and to disallow any deduction for services of the guardian.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

McNutt & Hannon, for Appellants.

Stephens & Stephens, for Respondent.

McFARLAND, J.—The deceased, Andrew Glassell, was the father and the guardian of the person and estate of the plaintiff herein, and this action is brought for the recovery of money alleged to be due from deceased as such guardian. The case was tried without a jury, and the court made findings and rendered judgment in favor of plaintiff for a certain sum of money found to have been due by the deceased as such guardian to the plaintiff. From this judgment and from an order denying their motion for a new trial defendants appeal.

The deceased was appointed and qualified as guardian of plaintiff in September, 1880, at which time plaintiff was a

minor.   He attained his majority on the twenty-fourth day
of August, 1897.  Deceased died testate on the twenty-eighth
day of January, 1901; and this action was commenced on
December 4, 1901; and appellants pleaded, and contend that
the action was barred by subdivision 1 of section 339 of the
Code of Civil Procedure, which provides that "An action
upon a contract, obligation, or liability, not founded upon an
instrument in writing," is barred in two years.  It appears
that when plaintiff became of age the deceased did not ren-
der any account as guardian, but continued to manage the
ward's property as before; and although the strict relation
of guardian and ward had ceased at the ward's majority,
still a fiduciary relation continued; and in such a case the
authorities are somewhat conflicting as to when an action
against the former guardian will be barred.  But in the case
at bar we need not discuss this general subject, for, in our
opinion, the will of the deceased settles the question against
appellants' contention.   The plaintiff was the son of the
deceased, and he, together with eight brothers and sisters, all
children of the deceased, became entitled to certain property
as heirs of their maternal grandfather, Dr. H. H. Toland,
and this was the property which went into the hands of the
deceased as guardian—the deceased being also guardian for
several of the other children who were minors.   In his will
the deceased refers to this property of his children and says:
"After the payment of my just debts—inclusive of balances
due & payable to my children or any of them on account of
moneys received by me for their use from property derived
from their grandfather, Dr. H. H. Toland," etc.; and
he states certain balances due some of them, and, among
others, a certain money balance due the plaintiff herein.
Afterwards, in a codicil, he refers to a note which he owed to
one C. A. Ware, and says: "I hereby expressly request my
executors to pay this and all other notes and obligations re-
ferred to in this will without reference to any law of limita-
tions which I positively repudiate & waive."  This language
clearly refers to all his obligations, including those to plain-
tiff and the other wards.  It is not within the rule that a mere
acknowledgment of a debt made to a stranger, and not to the
creditor, is not binding; such an acknowledgment is generally
made without reference to the statute of limitations, and with-

out intent to make a binding contract. In the case at bar the testator, having referred to various obligations, and expressly stated his obligation as guardian to respondent, the acknowledgment and waiver were clearly to and for the direct benefit of respondent; and, in our opinion, the testator clearly had the right to make such waiver. Indeed, the clause of the will of the testator, waiving and repudiating the statute of limitations, and expressly directing his executors to pay all obligations notwithstanding such statute, is a part of his testamentary disposition of his property which he had the right to make, and which his executors should enforce. He certainly could have directly bequeathed to respondent whatever balance there might be in his favor on a fair and correct squaring of the account, without reference to time or limitations; and that is substantially what he did. He expressed on the face of his will his intent that all his actual obligations, including that to respondent, should be paid without reference to the law of limitations; and there is no good reason why that testamentary intent should not be carried out by his executors as well as any other part of the will.

It is contended by appellants that in 1897, after respondent's majority, there was a final settlement between him and the deceased of all matters growing out of the guardianship. There is no doubt some plausibility in this contention; but in the evidence as to the alleged settlement there was clearly a material conflict; and therefore we cannot disturb the findings of the trial court that there was not such a settlement.

The court below allowed interest on the amounts found due at seven per cent per annum, compounded annually; and appellants contend that the court erred in allowing compound interest. There is no fraud charged or found against the deceased touching his conduct as guardian. The court found, however, upon sufficient evidence, "that upon the receipt of said sums of money by the said deceased, he immediately converted the same to his own use, depositing such and all of said sums to his own account in his own name in the bank where he kept his individual account, and that the said sums of money were intermingled with the funds of the said deceased, and all of said sums of money were used by the said Andrew Glassell, deceased, in his own business, mingled with his own funds in various investments''; that

"said deceased never filed an inventory or appraisement, and never rendered any account in either of such guardianships, and never kept any account upon his books from which a proper accounting could be rendered to the said court"; and that "the said deceased, as guardian, never obtained any order from the court authorizing him to use any of the funds of the said plaintiff in the manner hereinbefore referred to, or in any manner whatever." Under these circumstances we cannot say that the allowance of compound interest was erroneous. (*Estate of Scott,* 52 Cal. 403; *In re Eschrich,* 85 Cal. 101, [24 Pac. 634]; *Estate of Cousins,* 111 Cal. 441, [44 Pac. 182]; *In re Clary,* 112 Cal. 292, [44 Pac. 569].) And, for the above reasons and others given by the court below, it was not erroneous to refuse compensation to the guardian.

It is objected that the court did not find on the question of the laches of respondent. In answer to this point, it is sufficient to say, first, that this issue was not made by the pleadings, and in the second place, there was no evidence upon which the court could have found such laches.

The foregoing are all the points which call for special notice. The correctness of the settlement of the account by the court is sustained by the evidence, and is indeed not very seriously contested by appellants.

It is proper to state, in justice to the memory of the deceased, Andrew Glassell, that he never intended to wrong respondent or any of his wards. He was an able and conscientious business man, and no doubt used the funds of his wards to their advantage. He accumulated a large fortune, in comparison with which the property held by him as guardian of his ward's estate was small; and he left nearly all of this fortune to his children—the respondent herein receiving of this fortune about one hundred thousand dollars. The adverse criticism by appellants, that under these circumstances respondent should not have brought this action against his father's estate, merely raises questions of sentiment and good taste; it does not affect the legal merits of the action.

The judgment and order appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.