[S. F. No. 6820.   Department One.—December 11, 1914.]

In the Matter of the Estate of DAVID J. PIERCY, Deceased. ANDREW J. PIERCY, as Administrator and Personally, Appellant; EDWARD M. PIERCY, Respondent.

ESTATE OF DECEASED PERSON—MISCONDUCT OF ADMINISTRATOR.—PERSONAL USE OF ESTATE PROPERTY—WHEN CHARGEABLE WITH COMPOUND INTEREST.—Where the administrator of the estate of a deceased person, from the time of his appointment, has been guilty of neglect of the estate, has claimed all the estate as his own, has

used and conducted all the business and property thereof as his own, and has used the rents, issues, and profits thereof in his own business and for his own benefit, he should be charged with interest at the legal rate, compounded with annual rests, upon the amount found due from him as the rental value of the real property of the estate.

ID.—TRUSTEES—LIABILITY FOR MISUSE OF TRUST PROPERTY.—Where a trustee has used trust property for his own benefit, if any loss occurs, the loss must be borne by him, while the beneficiaries are entitled to any profits realized.

ID.—DELAY IN SETTLEMENT OF ESTATE—MISUSE OF PROPERTY BY ADMINISTRATOR—COMPOUND INTEREST—DISCRETION OF COURT.—Where the only reason for a long delay in the settlement of the estate of a deceased person is that the administrator asserted a claim to certain lands against the estate, which claim was adjudged to be based upon his own fraud and undue influence, and he violated his trust by using the property in conjunction with his own property, there is no room for play of discretion in regard to charging him with compound interest on the rental value of the property.

ID.—UNLIQUIDATED DAMAGES—INTEREST ON—WHEN ALLOWABLE.—The rule prevailing in actions for damages for tort or breach of contract, that interest as such cannot be allowed where the amount of damages is unliquidated and incapable of being made certain, does not apply to the case of an administrator who has violated his trust by using for his personal benefit the property of the estate.

APPEAL from an order of the Superior Court of Santa Clara County settling the account of an administrator of the estate of a deceased person.    P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

John E. Alexander, Beasly & Fry, and Fry & Jenkins, for Appellant.

Rogers & Bloomingdale, for Respondent.

SLOSS, J.—This is an appeal by Andrew J. Piercy from the same order which was under review in *Estate of Piercy*, (S. F. No. 6819), *ante*, p. 750, [145 Pac. 88], just decided. In the former case the administrator appealed from the order settling his account.    Here the opposing party appeals from that part of the order refusing to charge the administrator with compound interest on the rental value of the land of the estate.    There is a separate transcript covering the present

appeal, but many of the important facts are stated in the opinion filed in S. F. No. 6819. The record shows, further, that, with the exception of personal property appraised at $142.50, the entire estate of David J. Piercy consisted of the real estate which was the subject of the litigation between Mary Piercy and Edward M. Piercy. The bill of exceptions sets forth that at the hearing of objections to the account filed by the respondent, evidence was introduced showing that ever since his appointment as administrator, said Edward M. Piercy had been guilty of neglect of the estate; had claimed all the estate as his own; had used and conducted all the business and property thereof as his own, and had used the rents, issues, and profits thereof in his own business and for his own benefit.

We think the appellant is right in his contention that the court should have charged respondent with interest at the legal rate, compounded with annual rests, upon the amount found due from him as the rental value of the real property of the estate. This is the ordinary rule where a trustee has used the trust property for his own benefit. If any loss occurs, the loss must be borne by him, while the beneficiaries are entitled to any profits realized. (*Walls* v. *Walker,* 37 Cal. 424, [99 Am. Dec. 290].) "The true rule in equity in such cases is, to take care that all the gain shall go to the *cestui que trust.*" (2 Story. on Equity Jurisprudence, 13th ed., sec. 1277-8.) Where, as here, the settlement of the estate has been long delayed and the administrator has himself used funds belonging to the estate, the heirs will not be fully compensated unless they receive compound interest upon the property of the estate thus withheld. These views are sustained by an unbroken current of authority. (*Estate of Stott,* 52 Cal. 403; *Estate of Clark,* 53 Cal. 355; *In re Hilliard,* 83 Cal. 423, [23 Pac. 293]; *In re Eschrich,* 85 Cal. 98, [24 Pac. 634]; *Miller* v. *Lux,* 100 Cal. 609, [35 Pac. 345, 639]; *Estate of Cousins,* 111 Cal. 441; [44 Pac. 182]; *Bemmerly* v. *Woodward,* 124 Cal. 568, [57 Pac. 561]; *Estate of Hamilton,* 139 Cal. 671, [73 Pac. 578]; *Glassell* v. *Glassell,* 147 Cal. 510, [82 Pac. 42]; *Estate of McPhee,* ·156 Cal. 335, [Ann. Cas. 1913E, 899, 104 Pac. 455].)

That the distribution of the estate was unjustifiably delayed—a circumstance which has been regarded as having an important bearing on the question of liability for compound interest (*In re Hilliard,* 83 Cal. 423, [23ˑ Pac. 293])—can

hardly be questioned. There was but one heir. The claims were not of large amount. The necessary proceedings for administration could have been speedily concluded. The only reason for the long delay was that the administrator asserted a claim to the lands against the estate. .This claim was adjudged to be based upon his own fraud and undue influence. The fact that he set it up and litigated it cannot entitle him to any special consideration. It is equally clear that the administrator violated his trust by using the property of the estate for his own ·benefit in conjunction with property belonging to him. There may be cases in which the trial court may, in the exercise of a sound discretion, grant or deny compound interest. Here, however, the misconduct of the administrator was so clearly shown that there was no room for the play of discretion. It is suggested by appellant that the trial court based its conclusion on the view that it could not allow interest, simple or compound, on the rental value, because such value was unliquidated and, until the making of the order, unascertained. But we think this consideration has no bearing on the question. It has often been held that in actions for damages for tort or breach of contract, interest as such cannot be allowed where the amount of damage is unliquidated and incapable of being made certain. (*Cox* v. *Mc-Laughlin*, 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Coburn* v. *Goodall*, 72 Cal. 498, [1 Am. St. Rep. 75, 14 Pac. 190]; *Easterbrook* v. *Farquharson*, 110 Cal. 311, [42 Pac. 811]; *Swinnerton* v. *Argonaut L. & D. Co.*, 112 Cal. 375, [44 Pac. 719]; *Macomber* v. *Bigelow*, 123 Cal. 532, [56 Pac. 449].) But this rule has no application here. It is a rule governing the allowance of interest in actions for damages. (Civ. Code, sec. 3287.) Other considerations must govern a court· in fixing the liability of a delinquent trustee. In such cases the primary consideration is the equitable one that the trustee must be compelled to fully compensate the beneficiary for the unauthorized use of the trust estate. As we have already indicated, compensation would not be complete if the interest were withheld.

The order is remanded, with directions to the court below to modify it by charging the respondent with interest upon the rental value of the land of the estate, at the rate of seven per cent per annum, compounded annually, from April 10,

1901, to October 8, 1912. As so modified, the order appealed from will stand affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.