[S. F. No. 9716. In Bank.—May 4, 1923.]

## ANDREW POE GAVER, Appellant, v. WILLIAM H. EARLY et al., Respondents.

[1] GUARDIAN AND WARD — MISAPPROPRIATION OF FUNDS — ACTION TO RECOVER—INTEREST.—In this action against plaintiff's former guardian and the latter's attorney for the recovery of certain moneys received by them during the administration of the guardianship estate, which it is alleged were fraudulently concealed and omitted from the guardian's accounts and never accounted for, it is held that the trial court should have allowed plaintiff interest on the various sums which were misappropriated and used by the attorney from the dates of such misappropriation.

[2] ID.—TRUST FUNDS—LIABILITY—INTEREST.—The rule is now well established in this state that where the misappropriation of trust funds is willful, instead of careless, and it is not shown that a larger sum was realized therefrom, the limit of the liability of the guardian is the return of the principal sum with legal interest thereon compounded annually.

[3] ID. — ATTORNEY OF GUARDIAN — WILLFUL CONVERSION OF TRUST FUNDS—INTEREST.—Where the attorney for a guardian received funds belonging to the guardianship estate for and from the guardian knowing their character, and a voluntary relation of personal confidence and trust existed between the guardian and her attorney, the latter became a trustee for the ward, under the provisions of section 2219 of the Civil Code, for the purpose of an accounting; and where his conversion of the funds was willful, but it is not shown what, if any, amount he realized by reason of his fraudulent misuse of the minor's estate, he should be charged with legal interest from the dates on which the money was converted to his own use, compounded with annual rests.

[4] ID.—WHEN SIMPLE INTEREST CHARGED.—In such cases, without other intervening circumstances, the general rule is that where the trustee has not been guilty of some positive misconduct or willful violation of duty, simple interest only will be charged.

[5] ID. — SURRENDER OF CONTROL OF TRUST FUNDS — TRUSTEE GUARANTOR.—If a trustee enters into any arrangement in relation to trust funds which surrenders or limits his control over them, he

2. Liability of guardian for misappropriation of ward's funds by attorney, note, 5 L. R. A. (N. S.) 575.

Personal liability of trustee for interest on money lost through investment, note, 44 L. R. A. (N. S.) 975.

becomes a guarantor of the fund, irrespective of his motive, or whether his surrender of control was the cause of the loss of the fund. In such case, in the event of loss, the court will not enter upon an inquiry whether the loss is due to such abdication of control.

[6] Id.—Liability of Guardian for Agent.—When a guardian delegates the administration of the solemn trust imposed by the guardianship to another, the guardian must be held responsible for the other's action in the premises. Hence the action of the guardian's chosen agent must be, as a general rule, imputed to the guardian in all matters relating to the administration of the trust.

[7] Id.—Trustees—Obligation of Duties.—If a trustee confide the application of a trust fund to the care of another, whether a stranger or his own attorney or solicitor, or even cotrustee, he will be held personally responsible for any loss that may result. Under such circumstances a trustee may employ attorneys or agents, according to the usual course of business, to reduce the estate to possession and protect it, but when once in his hands his personal duty to dispose and manage it begins, and this duty is not to be delegated.

[8] Id. — Abandonment of Duties by Guardian — Misappropriation of Funds by Attorney — Liability of Guardian. — Where the guardian of a minor negligently, and without due regard for her duties as guardian, turned over and abandoned to her attorney the management and control of the possession of the moneys, securities, and properties of her ward, and failed and neglected to supervise the management of her ward's property, and also failed to examine and make any inquiry concerning the correctness of the several accounts proposed by the attorney, filed by her as such guardian and presented to the court, the acts of the attorney were imputable to the guardian, and where he fraudulently misappropriated the funds of the estate to his own use, the guardian is liable for the amount misappropriated, with legal interest from the date of such misappropriations at the legal rate compounded annually.

APPEAL from a judgment of the Superior Court of Sonoma County. A. B. Mackenzie, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

A. H. Crook, W. F. Cowan and R. C. Young for Appellant.

Geary & Geary, F. A. Meyer, R. P. Henshall and Nat Schmulowitz for Respondents.

WASTE, J.—The appellant instituted the action out of which this appeal arose against his former guardian, the respondent Ellen Gaston, now deceased, and her attorney, the respondent William H. Early, for the recovery of certain moneys received by them during the administration of appellant's guardianship estate, which, he alleged, were fraudulently concealed and omitted from the accounts of his guardian and never accounted for. The trial court found that the guardian abandoned all control over the guardianship matters to the attorney, who misappropriated a large part of the funds of the estate and fraudulently converted them to his own use. Judgment was entered in favor of appellant and against the said respondents for $21,084.77, with interest thereon at the rate of seven per cent per annum from the date of the judgment until paid.

From this judgment both of the defendants appealed, and in each instance the judgment of the lower court was affirmed. (*Gaver* v. *Early et al.*, 58 Cal. App. 725 [209 Pac. 390]; *Gaver* v. *Early et al.*, 58 Cal. App. 736 [209 Pac. 394].) Petitions for hearing in this court after decision in the district court of appeal were denied.

Plaintiff appealed from that portion of the judgment which allowed interest only from the date of its rendition until paid, which portion of the judgment was also affirmed by the district court of appeal. The petition of plaintiff to have the cause heard and determined by this court was granted, and the cause was transferred for hearing and decision. A full and complete statement of the facts of the case germane to the appeal will be found in the two decisions of the district court of appeal, above referred to. For this reason we do not recite them here.

[1] It is the contention of the appellant that the trial court should have allowed him interest on the various sums which were misappropriated and used by respondent Early from the dates of such misappropriation. This contention must be upheld, and the only question to be determined is the rate of interest to be charged. [2] The

rule is now well established in this state that where the misappropriation of trust funds is willful, instead of careless, and it is not shown that a larger sum was realized therefrom, the limit of the liability of the guardian is the return of the principal sum with legal interest thereon compounded annually. (*Estate of Elizalde*, 182 Cal. 427, 435 [188 Pac. 560]; *Estate of Piercy*, 168 Cal. 755, 757 [145 Pac. 91]; *In re Guardianship of Hamilton*, 139 Cal. 671 [73 Pac. 578].)

[3] Respondent Early received the funds belonging to appellant's estate for and from the guardian knowing their character. A voluntary relation of personal confidence and trust existed between Mrs. Gaston and her attorney and the latter became a trustee for the appellant, under the provisions of section 2219 of the Civil Code, for the purpose of an accounting. (*Aldrich* v. *Willis*, 55 Cal. 81, 85; *Montgomery* v. *Rauer*, 125 Cal. 227, 230 [57 Pac. 894].) His conversion of the funds was willful, but it is not shown what, if any, amount he realized by reason of his fraudulent misuse of the minor's estate. Consequently he should be charged with legal interest from the dates on which the money was converted to his own use, compounded with annual rests.

[4] It is contended that a different rule holds in the case of the respondent Mrs. Gaston by reason of the findings of the trial court that she was not guilty of any willful or intentional wrongdoing in the matter. In such cases, and without other intervening circumstances, the general rule is that where the trustee has not been guilty of some positive misconduct or willful violation of duty, simple interest only will be charged. (*Wheeler* v. *Bolton*, 92 Cal. 159, 172 [28 Pac. 558]; *Estate of Cousins*, 111 Cal. 441, 452 [44 Pac. 182].) Both of these cases recognize, also, that where the trustee has mingled money belonging to his trust with his own funds, and used them for his own advantage, courts have almost universally charged him with compound interest. On this appeal the question of the liability of Mrs. Gaston for the fraudulent acts of Early does not arise. [5] Indeed, it could not, for it is well settled that if a trustee enters into any arrangement in relation to trust funds which surrenders or limits his control over them, he becomes a guarantor of the fund, irrespective of his motive,

or whether his surrender of control was the cause of the loss of the fund. In such case, in the event of loss, the court will not enter upon an inquiry whether the loss is due to such abdication of control. (*Estate of Wood,* 159 Cal. 466, 472 [36 L. R. A. (N. S.) 252, 114 Pac. 992].)

[6] When a guardian delegates the administration of the solemn trust imposed by the guardianship to another, the guardian must be held responsible for the other's action in the premises. Hence the action of the guardian's chosen agent must be, as a general rule, imputed to the guardian in all matters relating to the administration of the guardianship trust. (*Rittenberry* v. *Wharton,* 176 Ala. 390, 406 [58 South. 293].) In collecting and assuming to take charge of the assets of the estate of the appellant, Mrs. Gaston in some instances seems to have received such assets and to have indorsed and delivered them to her attorney. In other instances the latter seems to have collected the assets himself. The trial court found that these sums were paid to and received by respondent Early as the attorney and agent of Mrs. Gaston, for and on account of the estate of the minor, while acting within the scope of his authority as such agent. Early thereby became the agent of Mrs. Gaston, to whom she attempted to delegate her duties as trustee. She had no right to shift her duty to him.

[7] If a trustee confide the application of a trust fund to the care of another, whether a stranger or his own attorney or solicitor, or even cotrustee, he will be held personally responsible for any loss that may result. Under such circumstances a trustee may employ attorneys or agents, according to the usual course of business, to reduce the estate to possession and protect it, but when once in his hands his personal duty to dispose and manage it begins, and this duty is not to be delegated. (*Abrams* v. *United States F. & G Co.,* 127 Wis. 579, 584 [115 Am. St. Rep. 1055, 5 L. R. A. (N. S.) 575, 106 N. W. 1091]; *Bermingham* v. *Wilcox,* 120 Cal. 467, 472 [52 Pac. 822].)

The question presented, therefore, is: Should the respondent Mrs. Gaston be charged with simple or with compound interest? Section 2239 of the Civil Code provides that a trustee is responsible for the wrongful acts of a cotrustee to which he consented or which, by his negligence, he enabled the latter to commit. (*In re Osborn,* 87 Cal. 1, 6

[11 L. R. A. 264, 25 Pac. 157]; *Fox* v. *Tay,* 89 Cal. 339, 348 [23 Am. St. Rep. 474, 24 Pac. 855, 26 Pac. 897].)

[8] Notwithstanding the effect of some of the findings which tend to relieve Mrs. Gaston of any intentional or willful wrongdoing in the matter of the administration of the estate, other findings are that she negligently, and without due regard for her duties as guardian, turned over and abandoned to the respondent Early the management and control of the possession of the moneys, securities, and properties of her ward, and failed and neglected to supervise the management of her ward's property. She also failed to examine and make any inquiry concerning the correctness of the several accounts proposed by Early, filed by her as such guardian, and presented to the court. Regarding Early either as agent for or cotrustee with Mrs. Gaston, his acts were imputable to her. He fraudulently misappropriated the funds of the estate to his own use, and, by imputation, his principal or cotrustee is liable for the amount misappropriated, with legal interest from the date of such misappropriations at the legal rate compounded annually.

We think, therefore, it was an abuse of the discretion of the trial court to deny appellant interest compounded annually.

The cause is remanded, with directions to the trial court to modify the judgment in the particulars indicated, and, as so modified, it will stand affirmed.

Wilbur, C. J., Lawlor, J., Lennon, J., and Kerrigan, J., concurred.

MYERS, J., Dissenting.—I dissent from so much only of the judgment and of the opinion of Mr. Justice Waste as holds the estate of Mrs. Gaston liable for compound interest. Inasmuch as the trial court found that she was guilty of negligence merely and not of any willful misconduct, I think that her estate should be charged only with simple interest. (Civ. Code, sec. 2262, and sec. 1917 prior to its repeal in 1919 [Laws 1919, p. lxxxiii].) I concur with the remainder of the opinion and the conclusions thereof.