[Sac. No. 4040. Department Two.—May 25, 1928.]

TOBIN GROCERY COMPANY, Respondent, v. FRANK SPRY et al., Defendants; FRANK SPRY, Appellant.

Samuel V. Cornell for Appellant.

William N. Graybiel for Respondent.

LANGDON, J.—This is an appeal by the defendant Frank Spry from a judgment against him for $571.50 in an action brought to recover money wrongfully converted to the use of defendants.

The plaintiff, a copartnership, employed the defendants as manager and clerk, respectively, in its Turlock branch. The complaint charged that the defendants, while so employed, "wrongfully and without the assent of said plaintiff, conspired together to apply some of the money or receipts and profits of said business . . . to their own use. . . . " It is alleged that said money, receipts, and profits were applied

to the joint use and benefit of defendants, and by reason of this fact they became indebted to plaintiff; that plaintiff has repeatedly requested an accounting from defendants, which has been refused. It is prayed that the defendants and each of them be required to account for the profits and moneys belonging to said plaintiff which said defendants have misappropriated to their own use and benefit, and that judgment be given plaintiff for the amount found due and for general relief. The answer admitted that the defendant Emma Spry was indebted to the plaintiff in the sum of $12.50, being the amount of a profit made by her in the course of her employment, and alleged that defendant Frank Spry had mingled certain moneys of his own with money belonging to the plaintiff, and that he thereupon drew upon such commingled fund for use in a private enterprise not connected with his employment, and also alleged that said defendant had accounted for and paid to the plaintiff all money due to it by him and that said defendant was not indebted to said plaintiff.

The court found: "That said defendant Frank Spry, while in the employ of said plaintiff, did buy merchandise and resell it to plaintiff at a profit, said merchandise being the same kind of merchandise as said defendant was employed to buy and sell for the sole use and benefit of said plaintiff, and said Frank Spry also, while in the employ of said plaintiff as aforesaid mentioned, took money from the business of said plaintiff, said money being at the time the money of said plaintiff, and said Frank Spry used said money for his own use and benefit, and he has failed, refused and neglected to return said money or any part to said plaintiff; that the amount of profits made as aforesaid and moneys taken from said plaintiff by said defendant Frank Spry was and is the sum of $571.50."

It appears from the testimony of the appellant that at the time he undertook the management of the plaintiff's store he expected to purchase an interest in the business, and for that purpose paid $500 to the plaintiff; that shortly thereafter he concluded he did not wish to own an interest in the business and told his employer of this decision. Apparently no objection was made by the employer, and Mr. Tobin asked Mr. Spry what was to be done about the $500. Spry replied that the money might be left in the business, and

when he wanted it he would get it. Spry also testified that he later drew this money out by check. So it is not involved in the problems presented upon the appeal.

■ It is admitted by the appellant that during the period of his employment he bought and sold cattle on his own account, paying for the cattle with the money of the plaintiff. On some of these transactions he made a profit and on others a loss. Appellant contends that as the net result of the cattle ventures was a loss he is to be charged only with the amount of money which he used of the plaintiff's funds, together with interest. In other words, his position is that he may not be charged with the profits made with the trust fund unless the plaintiff will bear a share of the losses. The respondent contends, however, and the judgment of the trial court was based upon this position, that as the appellant dealt with trust funds, he was liable to account for all profits made therewith, with no reduction for losses which he may have sustained. This would appear to be the proper interpretation of section 2237, Civil Code. In the case of *Oakland Bank of Savings* v. *Wilcox*, 60 Cal. 141, it was said: "An officer of the bank cannot make a profit to himself out of loans made by him of the money of the bank, and it very naturally follows, if losses accrue in the attempt, he must bear the losses." In the case of *Walls* v. *Walker*, 37 Cal. 424 [99 Am. Dec. 290], it was said: "If he (an administrator) makes a profit, he becomes liable for that also at the election of the parties in interest. . . . If, in this case, the administrator sustained a loss, the loss is his. . . . " In *Estate of Piercy*, 168 Cal. 755 [145 Pac. 91] it was said: "If any loss occurs, the loss must be borne by him (trustee), while the beneficiaries are entitled to any profits realized." The losses would not be borne by a trustee if he were entitled to set them off against profits realized from property of his *cestui que trust*.

The foregoing discussion involves the main point upon appeal, because if the rule adopted by the trial court with reference to the profits and losses upon the cattle transactions be the correct one, the judgment is amply supported. The evidence was susceptible of the inference that appellant had made profits in these transactions amounting to $477.50. Appellant admits liability upon two other items, one for $17.45 paid by plaintiff as freight upon merchandise of de-

fendant, and the other an admitted profit of $12.50 upon sugar sold to the plaintiff by defendant, but which profit the evidence would indicate was really of a much larger amount. The evidence also admits of the conclusion that there was a misappropriation of $100 in connection with the check drawn by appellant in favor of the Sperry Flour Company, which appeared upon his books as $137.50, but which was shown to have been in fact for but $37.50.

It is true that the proof was somewhat uncertain and inferential in some particulars, which was due to the fact that the defendants could not or would not testify definitely as to matters wholly within their knowledge, and the trial judge seems to have given defendants the benefit of the doubt with reference to many matters disclosed by the record.

It is also contended by the appellant that the findings were beyond the issues made by the pleadings. The foregoing quotation from the complaint shows its inadequacy to meet the facts relied upon in this case. Certainly it should have definitely and specifically charged the making of profits with the converted money if recovery of such profits was sought. While we are not disposed to encourage attorneys in violating logical and fundamental rules of pleading, we are also bound to take account of the equities of the case as between the parties, and not to reverse a judgment for errors in pleadings where substantial justice has been done by the judgment rendered. This is an equitable proceeding; the equities are all with the plaintiff. A general charge of conversion of money to the use of defendants was made in the complaint and general relief was asked. It does not seem that any prejudice has resulted to defendants from the error of the attorney in drawing his pleading. The record discloses the utmost bad faith on the part of defendants, to say the least, and justice has been done by the judgment.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.