[No. 5246.    Decided May 1, 1905.]

PAUL POLSON, *Appellant,* v. S. A. CALLVERT *et al.,*
*Respondents.*[1]

STATE LANDS—BOARD OF LAND COMMISSIONERS—ORDER OF SALE —RESCINDING—APPEAL—No REVIEW BY COURTS.    Under Laws 1897, p. 261, § 67, the board of state land commissioners has power to reconsider and rescind an order for the sale of state lands, at any time before sale, without notice or further hearing, and being discretionary, such an order, regular on its face, and within the power of the board, is not subject to review by the courts, which will not inquire into the motives that prompted it.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered April 13 ,1904, dismissing an appeal from an order of the board of state land commissioners rescinding an order for the sale of state lands. Affirmed.

*J. L. Corrigan,* for appellant.

*Smith & Brawley,* for respondents.

1Reported in 80 Pac. 815.

FULLERTON, J.—On August 13, 1903, the appellant filed in the office of the commissioner of public lands an application to purchase certain tide lands, lying in front of lot 7, in section 31, in Tp. 34 N., R. 3 E., W. M. The application came on for hearing before the board of state land commissioners in its regular order, whereupon the board ordered the land appraised, and subsequently issued an order directing that it be sold. Later the board ordered the sale postponed, and finally, on January 19, 1904, reviewed and reconsidered its original order, rescinding the same, and ordering that the application for the sale be rejected. The applicant thereupon took an appeal to the superior court of Skagit county, from the order rejecting his application, which appeal that court dismissed, on the ground that the order, being discretionary with the board, was not subject to review by the courts. The appeal to this court is from the judgment of dismissal.

The judgment must be affirmed. If power to review its orders, made with relation to the disposition of state lands prior to final disposition, was not vested in the board of state land commissioners by the original acts creating such board and defining its powers and duties, such power was conferred by the act of March 16, 1897. Laws 1897, p. 261, § 67. It is there provided that the board "shall have the right to review and to reconsider any of its official acts relating to lands of the state until such time as a lease or contract for purchase of any of said lands shall have been made, executed and signed by the commissioner of public lands or by the board itself." This section of the statute permits a reconsideration of an order for the sale of tide lands, at any time prior to the execution of the deed of conveyance to the purchaser by the officer or board authorized to execute the same, and permitted a reconsideration of the order made in the case before us.

The appellant, however, claims that the order was arbitrary, unjust, and made without notice to the appellant, and is illegal for these reasons. But the record does not bear out these statements. On its face the order is regular, and being one within the power of the board to make, the courts will not inquire into the motives which prompted it. It is true, it does not appear from the record that the appellant had notice that the board intended to change its ruling, or of the time when the matter was to be called up for reconsideration. But such notice was not necessary to the validity of the proceeding. The board has power to change its ruling without a further hearing, or the introduction of additional evidence, and the record shows it so acted in this instance. Affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.