WADE v. DETROIT, YPSILANTI, ANN ARBOR & JACKSON RAILWAY.

1. RAILROADS — ELECTRIC LINES — TRESPASSERS ON TRACK — DUTY OF MOTORMAN—DISCOVERED PERIL.
   The motorman of an electric-railway car, operating upon private right of way inclosed by fences, is under no obligation to keep a lookout for trespassers; his duty being to sound his gong or blow his whistle when he sees trespassers on the track, and to take all precautions possible to stop his car when he discovers that they are not aware of his approach.

2. SAME—CONTRIBUTORY NEGLIGENCE—DISCOVERED PERIL.
   Where a boy, 14 years old, on his way with a companion to a lake to skate, instead of continuing along the highway which was just as near, crawled through two wire fences onto defendant's right of way running parallel with the highway, and while walking along the track was killed by being run down by a fast freight car overtaking him on a curve upon which the view was obscured by poles and fence posts, the railway company was not liable for his death, in the absence of proof that the motorman discovered his peril in time to have stopped, the boy being a trespasser and it being his duty to keep a lookout for his own protection.

Error to Jackson; Parkinson, J. Submitted January 15, 1908. (Docket No. 61.) Decided March 31, 1908.

Case by James Wade, administrator of the estate of Leo Wade, deceased, against the Detroit, Ypsilanti, Ann Arbor & Jackson Railway for the negligent killing of plaintiff's intestate. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

_James S. Gorman_ and _Charles E. Townsend_, for appellant.

_Corliss, Leete & Joslyn_, for appellee.

The track of the defendant's road, the track of the Michigan Central Railroad, and the public highway extend east and west near the village of Chelsea, and are located side by side, the defendant's track being on the south and the highway upon the north. Defendant's right of way is inclosed with barbed wire fences, as is also that of the Michigan Central Railroad.

On January 27, 1906, plaintiff's son, Leo, 14 years old, and another boy, came from the north on a highway to the highway mentioned above, parallel with the railroad tracks. They intended to go to a pond, lying to the south of these roads, to skate. Instead of taking the highway, which would have been just as near, they crawled through two wire fences onto the defendant's roadbed and walked east between the rails. It was time for a fast freight car, weighing 25 tons and loaded with 10 tons of freight, to pass this point on its way east. A freight train was passing east at the same time on the Michigan Central Railroad. While passing over a curve about 1,000 feet long, and near the center thereof, this car came up behind the boys, and struck and killed the deceased. The other boy glanced behind him in time to see the approaching car, to jump from the track, and escape. He hallooed to Leo but the warning came too late. Around this curve were located telegraph and telephone poles and fence posts, which obstructed the view of the motorman. The car was running from 45 to 55 miles an hour. When the

plaintiff had rested his case, the court directed a verdict for the defendant.

GRANT, C. J. (*after stating the facts*). The two boys were trespassers upon the track. They knew that they were. They were familiar with the defendant's road, the running of its cars, and the danger incident to walking on its track. They knew that it was about time for this car to pass. Counsel for plaintiff upon the trial conceded that "the motorman did not intentionally run into the boys." The claim then was that the motorman did not see when he should have seen, and that this was gross negligence. The same counsel in their brief now assert that he "deliberately drove his car with an utter disregard of consequences against them." It is sufficient to say that the record is barren of any evidence upon which such an assertion can be based. The motorman was under no obligation to keep a lookout for trespassers. His legal duty was to sound his gong or blow his whistle when he saw the boys on the track, and to take all precautions possible to stop his car when he discovered that they were not aware of his approach. That he did this, is conclusively established.

It was the duty of the deceased, *first*, to keep off the track, and, *second*, when on it, to keep a careful watch behind him. A glance in time would have revealed to him the situation and have enabled him to step off the track which he could have done in a second of time. Under plaintiff's contention the same watchful care would be required to protect trespassers as those who are rightfully on the tracks at crossings and in streets and highways. The case is ruled by *Trudell* v. *Railway Co.*, 126 Mich. 73 (53 L. R. A. 271); *Buckley* v. *Railroad Co.*, 119 Mich. 587; *Buxton* v. *Ainsworth*, 138 Mich. 537.

Judgment affirmed.

BLAIR, MOORE, CARPENTER, and McALVAY, JJ., concurred.