## CHARETTE *v.* VILLAGE OF L'ANSE.

1. ELECTRICITY — PERSONAL INJURIES — ACTION — CONTRIBUTORY NEGLIGENCE— INTERFERENCE WITH WIRES— CUSTOM— INSTRUC. TIONS—SUFFICIENCY.

   In an action for the death of a boy of 14, caused by an electric shock received while shaking a wire for the purpose of igniting the light which it suspended, there being testimony tending to show that other boys and young men, to the knowledge of the superintendent, occasionally performed the same act with reference to the lights of the village, it was not error for the court to state to the jury that there was no legal custom shown; and plaintiff was given full benefit of the testimony by an instruction that the jury might consider it upon the question of the negligence of both parties.

2. SAME — INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE — SUFFICIENCY.

   A requested instruction relieving deceased of. the imputation of contributory negligence "if he did not do anything that a youth of his age and experience * * * might not have done under the same or similar circumstances," *held*, sufficiently covered by an instruction given.

3. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—MISLEADING INSTRUCTIONS.

   A requested instruction to the effect that the mere fact that deceased grasped the wire was not of itself enough to justify a finding of contributory negligence, but that the jury must further find that deceased in so doing did something which an ordinarily prudent person of his knowledge and experience would not have done under the circumstances, was properly refused as calculated to mislead the jury into the view that defendant had the burden of proof as to deceased's contributory negligence, and to imply that as a matter of law the fact of his grasping the wire was not contributory negligence; that question being one for the jury.

4. SAME.

   A requested instruction to the effect that deceased had a right to presume that defendant had done its full duty in protecting and safeguarding its wires, and to act upon that presumption, and that it was not negligence on his part not to

look out for danger, if, under all the circumstances, there was no reason to apprehend any, was properly omitted, as improperly assuming that defendant owed a duty to deceased to protect him from injury resulting from his interference with defendant's plant, whether authorized or not, and whether it was such as might have been expected of one of the age and experience of deceased.

5. SAME—QUESTION FOR JURY.

Such request was also properly denied as invading the province of the jury, there being evidence that deceased had received warning that it was dangerous to handle the wires, and that he should keep away from them.

6. SAME.

There was no error in instructing that if defendant kept its plant in a reasonably safe condition it was not necessary for it to station an officer at each pole, or to enclose each pole so that the wire could not be reached by anybody who deliberately undertook to take hold of it, and leaving it to the jury whether, under the circumstances, a reasonably careful man would have taken any further precautions.

7. SAME—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE OF INJURY—INSTRUCTIONS—PROPRIETY.

A requested instruction that deceased's negligence would not defeat plaintiff's right to recover, unless it contributed proximately to bring about his death, was properly refused as abstract, there being no room for an intervening cause.

Error to Baraga; Streeter, J.   Submitted June 17, 1908.   ( Docket No. 62.)   Decided September 29, 1908.

. Case by Joseph Charette, administrator of the estate of Eugene Charette, deceased, against the village of L'Anse for the negligent killing of plaintiff's intestate.   There was judgment for defendant, and plaintiff brings error. Affirmed.

*P. H. O'Brien* (*M. H. Crocker*, of counsel), for appellant.

*W. L. Mason* (*J. J. O'Connor*, of counsel), for appellee.

MONTGOMERY, J.   The defendant village maintains an electric lighting plant for the purpose of supplying electric light for public and private use.   For this purpose it occupied the streets of the village with its poles and strung its wires, and at the intersection of Third and Railroad streets, where certain of its wires were strung, there was, as in other places in the village, a so-called "hanger" wire, used for the purpose of raising and lowering the lamp.   The lower end of this hanger wire extended to within six feet and six inches of the level of the street. On the 7th of September, 1906, the plaintiff's son, then 14 years and 7 months old, reached up, seized hold of this hanger wire, so-called, shook the same for the purpose of lighting the lamp which was not lighted, and received a charge of electricity which caused death instantly.   This action is brought to recover damages on the ground that the defendant was negligent in the original construction of its plant, and also that it was guilty of negligence in permitting the insulation to become defective, so that this hanger wire, which was not intended to be charged with electricity at all, became charged with a deadly current, and that its position in the public street was such that the deceased, if not impliedly invited to make use of it, was at least not guilty of any act in that regard which a young man of his age might not have committed without being charged with negligence, particularly in view of the alleged custom which prevailed in the village on the part of the public in making such use of this hanger wire, and other hanger wires in different localities in the village. The case was tried before a jury, and, upon full instructions submitting the question of the defendant's negligence and the plaintiff's negligence, the jury found a verdict for the defendant, and the plaintiff brings error.

There are numerous assignments of error, but plaintiff's counsel in his brief has limited the discussion to the following questions:   Whether the question of contributory negligence was properly submitted to the jury; whether the question of defendant's negligence was properly sub-

mitted to the jury; whether the court erred in refusing to grant a new trial; and whether the court erred in his remark to counsel.

It is contended by the plaintiff that the court was in error in saying to the jury that there was no legal custom shown. Without attempting to repeat the evidence tending to show the custom, the most that can be said of it when analyzed is that certain boys or young men were known to occasionally seize hold of the hanger wire, and turn on the light by shaking the wire. It is manifest from this testimony that there was no custom which imposed the duty of interfering with the defendant's plant in this manner, or which raised the right to do so. The most that can be said is that the testimony tends to show an interference with the defendant's plant more or less frequent. We think the plaintiff was given the full benefit of this so-called custom when the court said to the jury:

"I think it is my duty to say to you, gentlemen, that that there is no custom established by the testimony here as a matter of law. There was no such custom amongst the public. It is true, however, and it is a circumstance which you should consider when you are considering the question of the negligence of both parties or of either party, it is true, that a number of boys in the village had done that very same thing that Eugene Charette did that night; that they had done it repeatedly; that the fact that they did it was known to the superintendent of the plant."

We think this was giving the plaintiff the full benefit of the evidence bearing upon the question of the use by others of this hanger wire for the same purpose for which he was attempting to make use of it. Doubtless this fact did have a bearing upon the question of the negligence of the deceased; but the jury were permitted to give it full effect as bearing upon that question.

The plaintiff's sixth request was given, omitting the following:

"If, after carefully considering all of the testimony in

this regard, you conclude that plaintiff's intestate, Eugene Charette, in so grasping the hanger wire for the purpose of shaking on the light, did not do anything that a youth of his age and experience and knowledge of the danger, or lack of knowledge, might not have done under the same or similar circumstances, then the deceased cannot be said to be guilty of negligence contributing to his death."

We think the same general proposition was sufficiently covered by the instruction actually given by the court, as follows:

"Plaintiff's intestate was bound to exercise ordinary care for his own safety, taking into consideration his age and experience, and all of the other circumstances of the case. You have a right to consider in this regard the question of whether the hanger wire was such a contrivance and placed in such a situation that a boy of the age, knowledge, and experience of plaintiff's intestate would be liable to attempt to turn on said light in the manner in which it is claimed the plaintiff's intestate did at the time of his death; the usage or custom, if any, that existed among the public generally as to grasping the hanger wires on the lamps on the public streets, and shaking the same for the purpose of turning on said light; the distance of said hanger wire from the street; its proximity to the sidewalk; the fact that said pole upon which said wires were strung occupied a public street; the knowledge, if any, which the plaintiff's intestate had as to the danger of grasping said hanger wires; any warning which you may find he had received as to keeping away from the poles or wires of the defendant; the question of whether the danger of grasping the hanger wire, as he did, was an apparent danger or hidden danger; whether the hanger wire was supposed to be charged with electricity or not; and all of the other circumstances of the case, which in your judgment have a bearing upon the question of whether he exercised that due and reasonable care for his own safety which a boy of his age and experience should have exercised under the same or similar circumstances."

The jury could not have failed to understand from this instruction that, if the plaintiff's intestate in grasping the hanger wire for the purpose of shaking on the light did

no more than a youth of his age and experience might have been expected to do under similar circumstances, no negligence was to be imputed to him.

The plaintiff's seventh request to charge was as follows:

"The mere fact that the plaintiff's intestate, Eugene Charette, grasped the hanger wire at the time he received the shock which resulted in his death, is not enough in and of itself to justify you in finding that he was guilty of contributory negligence. You must further find from all of the circumstances of the case that in so grasping the hanger wire or cable plaintiff's intestate, Eugene Charette, did something which an ordinarily prudent and careful person possessing the knowledge which he then had of the danger likely to arise from grasping such hanger wire or cable, and being of the same age, judgment, and experience, would not have done under the same or similar circumstances; otherwise, he is not guilty of contributory negligence."

This request was not given, and, we think, was properly omitted, because it was calculated to mislead the jury in two particulars: *First*, to cast upon the defendant the burden of proof as to the plaintiff's contributory negligence; and, *second*, to imply that as a matter of law the fact of his grasping this hanger wire was not contributory negligence. We think that the most that can be said is that this question was a question for the jury.

The plaintiff's ninth request was as follows:

"Deceased had a right to presume that the defendant had done its full duty in protecting and safeguarding its said wires, so that any wire which was supposed to be safe to handle, and which was as near the street as the hanger wire was at the time in question, would actually be safe to handle. He had a right to act upon this presumption, and in passing upon the question whether he was guilty of contributory negligence you have a right to consider, together with all of the other circumstances of the case, the question of whether the deceased had any knowledge of the precise danger he encountered in grasping said hanger wire. It was not negligence on his part not to look out for danger, if under all of the circumstances of the case there was no reason to apprehend any."

This request was properly omitted, for the reason that it improperly assumes that some duty was, as a matter of law, owing by defendant to the deceased to guard against any injury which might result to him by reason of an interference with the defendant's plant, whether authorized or not, and whether it was such as might have been expected of one of the age and experience of the deceased. But a further sufficient reason why this request should not have been given is found in the fact that there was testimony tending to show that the deceased had received warning that it was dangerous to handle these wires, and that he should keep away from them. We think the question of the plaintiff's contributory negligence was properly submitted to the jury.

It is contended that the court was in error in instructing the jury as follows:

"Now, if the village, having a duty on it to reasonably care for its plant so as to keep it in a reasonably safe condition, had so performed its duty, I cannot charge you as a matter of law that it was necessary for the village to station an officer at each pole, or to inclose each pole so that the wire could not be reached by anybody who deliberately undertook to take hold of it. That will be a matter for you to determine, whether a reasonably careful man, having placed a wire out of ordinary reach, and one used for a particular and innocent purpose—that is, the raising and lowering of a lamp—and one which had been used for months by people having no business to use it, to say the least, without any danger, would feel it necessary to take any further precautions. That will be a question for you to consider."

It should be said that this instruction did not stand alone, but was preceded and followed by instructions to the effect that if the jury found that the village had negligently constructed its plant, and that the feed wire and hanger wire came in contact so that the current of electricity was brought into the hanger wire and became a dangerous force, then it would be for the jury to say whether that was the proximate cause of the death of Eugene

Charette, and that if they find that it was, and that the fact of its being so charged with electricity was the result of negligence on the part of the village, then, unless Eugene Charette was guilty of contributory negligence, the plaintiff was entitled to recover. We think the jury could not have been misled by this instruction, nor do we think it was, in the abstract, error.

The plaintiff's eighth request to charge was as follows:

"Or, even if you find that plaintiff's intestate, Eugene Charette, was guilty of negligence, such negligence would not defeat plaintiff's right to recover in this case, unless you further find that the negligence of the plaintiff's intestate contributed proximately to bring about his death."

This request was omitted; and error is assigned upon the omission. The proposition as an 'abstract proposition of law is undoubted, but there was no occasion to give such instruction in the present case. There can be no doubt that any negligence, if negligence were found, of Eugene Charette, was negligence which contributed to the injury. It was directly related to the injury. There was no room for intervening cause, and such an instruction would only tend to confuse the jury.

A motion for a new trial was denied, and it is urged in this court that the verdict was against the weight of evidence. We have given careful attention to this contention, and agree with the trial judge that it cannot be said that the jury did not properly weigh and consider the testimony submitted on both sides; nor do we think that the case made by the plaintiff was by any means so clear as to lead to a fair inference that the correct result was not reached. It is enough to say that we find nothing in the remark to plaintiff's counsel which should justify us in setting aside the verdict.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.

HOOKER, J. I concur in the affirmance of this cause

upon all of the grounds stated in my Brother MONTGOM-
ERY'S opinion, and for the further reasons that, under the
undisputed testimony, the court might have charged that
the defendant was not guilty of negligence in failing to
anticipate and provide against a climbing up and seizing
a wire connected with the electric street lighting system
by a 14-year old boy, which he could not reach from the
ground, and that it was contributory negligence in such a
boy to do so, even if he was not a trespasser, which need
not be decided.   See *Palmer* v. *Harrison*, 57 Mich. 182;
*Trudell* v. *Railway*, 126 Mich. 73 (53 L. R. A. 271);
*Wade* v. *Railway*, 151 Mich. 684.