[No. 8103.  Department Two.  August 25, 1909.]

THE STATE OF WASHINGTON, *on the Relation of J. R. Stirrat et al., Relators*, v. E. W. Ross, *as Commissioner of Public Lands, Respondent*.[1]

PUBLIC LANDS—SALE—CONTRACT—AUTHORITY OF COMMISSIONER. Under Bal. Code, § 2198, giving the commissioner of public lands power to review and reconsider his official acts relating to public lands until a lease or contract has been executed and signed, the commissioner acts within his discretion in refusing to sign a contract for the sale of the whole of lots, where, pending the advertised sale, the legislature passed an act, which took effect after the sale, granting a city a right of way through the lots for a street.

Application filed in the supreme court May 10, 1909, for a writ of mandamus to the commissioner of public lands to compel the issuance of a contract for the sale of tide lands. Denied.

*Charles A. Riddle*, for relators.

*The Attorney General*, for respondent.

MOUNT, J.—Application for a writ of mandate, to compel the commissioner of public lands to issue a contract to relators for the sale of lots 2, 3, 4, and 5, in block 15, Ballard, now Seattle, tide lands. It appears that in February, 1909, the board of state land commissioners decided to sell these lots. The lots had theretofore been applied for and appraised and the appraisement approved. The sale was regularly advertised to take place on April 3, 1909. Prior to that date and on March 8, 1909, the legislature passed an act granting a right of way for a street one hundred feet in width across these lots to the city of Seattle. The act was approved March 20, 1909. Laws 1909, page 750. This act contained no emergency clause. The sale took place on April 3, 1909, as advertised. Bidders were notified that

[1] Reported in 103 Pac. 824.

the sale was subject to said right of way. The relators bid in the lots at this sale for $19,000, being $15,000 in excess of the appraised value. The return of the sale was made to the board of state land commissioners, and was approved on April 21, 1909. The relators thereupon tendered the first payment, and made a demand upon the respondent state land commissioner for a contract of sale of the lots. The commissioner refused to execute the contract for the whole of the lots, but offered to execute and deliver a contract for the lots excepting the right of way granted to the city of Seattle by the act of March 20, 1909. Relators refused to accept this offer, and thereupon brought this action in mandamus. Thereafter, on May 11, 1909, the board of state land commissioners set aside the order of confirmation of the sale.

It is argued by the relators that the respondent has no arbitrary right to refuse to issue a contract of sale after confirmation thereof except for fraud. But this question seems to be clearly set at rest by Bal. Code, § 2198 (P. C. § 8236), which provides:

"The board of appraisers or commissions, or commissioner of public lands, shall have the right to review and to reconsider any of its official acts relating to lands of the state until such time as a lease or contract for the purchase of any of said lands shall have been made, executed and signed by the commissioner of public lands or by the board itself."

In considering this same question, in *Polson v. Callvert*, 38 Wash. 614, 80 Pac. 815, we said:

"This section of the statute permits a reconsideration of an order for the sale of tide lands, at any time prior to the execution of the deed of conveyance to the purchaser by the officer of the board authorized to execute the same, . . ."

No deed or contract had been executed in this case, and it therefore follows that the commissioner of public lands and the board of state land commissioners were vested with authority to reconsider their official acts relating to the sale. The act of March 20, 1909, contained no emergency clause. It

was passed pending the sale, and the grant of the right of way to the city of Seattle for a street across this land did not attach until June 12, 1909. It is quite probable that the execution and delivery of a contract or deed to the purchaser prior to June 12, 1909, would have made the act a nullity so far as this grant was concerned. But, in view of the fact that the sale of the lots was ordered prior to the passage of the act and took place after its passage, the commissioner acted within his discretion under the statute above quoted and in justice to all parties, when he refused to execute a contract which would include the whole of the lots and thus render the act nugatory in so far as it applied to the lots.

The writ must therefore be denied, and it is so ordered.

RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.