POLEY v. BROWNE et al.

No. 32727.   Nov. 18, 1947.

*186 P. 2d 812.*

J. S. Severson and A. L. Harbison, both of Tulsa, for plaintiff in error.

Spillers, Spillers & Voorhees, of Tulsa, for defendants in error.

ARNOLD, J. This is an action for the alleged wrongful death of the six year old son of plaintiff.

The only question presented is the claimed error of the trial court in sustaining the demurrer of defendants Sease and Spillers.

Plaintiff alleged that said defendants were the owners of certain lots in the city of Tulsa which they leased to the other defendants; that with the knowledge and consent of the named defendants the other defendants erected and maintained thereon an electrical panel board for demonstration purposes; that the lots and panel board were unenclosed; that the panel board was negligently constructed in that it was insecurely fastened to the ground on which it set; that there were a number of gadgets and levers on it which were accessible and attractive to children; that the panel board was very alluring and did attract many children of the populous area to it and they played thereabout and thereon; that all of the foregoing facts were known to the named defendants but they did nothing to abate the nuisance or protect the children, and particularly plaintiff's son, against the dangers incident to playing about and upon said panel board; that the maintenance of the panel board in the manner and under the circumstances described constituted a dangerous and attractive nuisance though the electricity was not connected therewith.

The plaintiff contends that his petition shows that an attractive nuisance was installed on the premises with the full knowledge and consent of the owners, the named defendants, and, therefore, these defendants are liable for damages for injury to children occurring by reason thereof. In support of his contention he cites Standard Encyclopedia of Procedure, vol, 8, p. 194; Johnson v. Bay City, 164 Mich. 251, 129 N.W. 29; Potera v. City of Bookhaven, 95 Miss. 774, 49 So. 617; Mayor of Madison v. Thomas, 130 Ga. 153, 60 S.E. 461; Boyd v. Portland Elec. Co., 41 Ore. 336, 68 P. 810; Charette v. Village L'-Anse, 154 Mich. 304, 117 N.W. 737; Denver Consol. Elec. Co. v. Walters, 39 Colo. 301, 80 P. 815; Ramage Mining Co. v. Thomas, 172 Okla. 24, 44 P. 2d 19; Riley v. Simpson et al., 83 Cal. 217, 23 P. 293; Campbell et al. v. Louisville Coal Mining Co. (Colo.) 89 P. 767; City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724; Oklahoma City v. Tytenicz, 171 Okla. 519, 43 P. 2d 747; Haggert et al. v. Stehlin et al. (Ind.) 35 N.E. 997. It will be noted that in those cases there was either direct participation in the construction or maintenance of the instrument or structure which produced the injury or the owners let the property with knowledge that it would be used in such a manner as to constitute a nuisance or there was a duty to maintain the premises or the premises were let in a negligent state of repair. Not so here.

The lots in this instance were admittedly leased free and clear of any structure and these defendants are not alleged to have had anything to do with the construction or maintenance of the panel board which is alleged to have allured plaintiff's young son into playing thereabout and thereon. His death occurred as a result of the panel board falling on him. The panel board was not a nuisance per se though it could be and may have been negligently constructed and maintained.

To hold these defendants liable under the allegations of plaintiff would be to say that a property owner who leases to another without negligence and without duty to repair or maintain the premises thereafter becomes liable for the negligent construction or maintenance of structures placed and main-

418

tained thereon by the lessee merely because he knew of the existence thereof and the allurement of children. If the use of premises by the tenant may or may not become a nuisance according as the tenant exercises ordinary care, or uses the premises negligently, the tenant alone is liable. Midland Oil Co. v. Thigpen (1924) 4 F. 2d 85; Spellman et al. v. Sherry, 181 Okla. 174, 72 P. 2d 793.

The plaintiff did not state a cause of action against the named defendants and their demurrer was, therefore, correctly sustained.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN,, and LUT-TRELL, JJ., concur.