(December 22, 1902.)

## KENT v. RICHARDSON.

[71 Pac. 117.]

ISSUES—FINDINGS.—Where the priority of right to the use of water is not put in issue by the pleadings, it is not error for the court to fail or refuse to find as to priority.

STIPULATION AS TO FINDINGS.—Where it is stipulated that a finding as to the amount of the cost of the construction of the ditch in question is immaterial, and the court makes a finding of such cost, error cannot be predicated on the ground of the insufficiency of the evidence to support that finding.

BOOKS OF ACCOUNT—ADMISSION IN EVIDENCE.—Entries in an account-book kept by decedent shown to have been made at or near the time of the transaction, and that decedent was in a position to know the facts entered, may be read as evidence: 1. Where it is shown that the entry was made against the interest of the person making it; 2. When it is made in a professional capacity and in the ordinary course of professional conduct; 3. When it is made in the performance of a duty specially enjoined by law.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

A. B. Gough and T. L. Glenn, for Appellant.

From the pleadings and from the evidence introduced by plaintiff, it seems to us perfectly clear that the question of

priority of appropriation was squarely before the court to be decided and determined, and that no other construction can legally be placed upon the pleadings and the evidence. Such being the fact, it became the imperative duty of the court to determine the priority of the parties. The rule in this court is well settled that it is the duty of the trial court in a case of this character to determine the priorities of the respective parties to the waters in question. (*Kirk v. Bartholomew,* 3 Idaho, 367, 29 Pac. 40; *Geertson v. Barrack,* 3 Idaho, 344, 29 Pac. 42.) We submit that no person can obtain a vested right to any particular quantity of water by merely contributing to the expense of constructing a ditch or canal for diverting the same. A valid appropriation can only be made for some useful or beneficial purpose and the amount or quantity, which may lawfully be appropriated is governed and controlled by the necessities of the person making the appropriation and his ability and opportunity to put the water to a beneficial use. (Idaho, Rev. Stats. 1887, sec. 3156; *Conant v. Jones,* 3 Idaho, 606, 32 Pac. 250; *Simmons v. Winters,* 21 Or. 35, 28 Am. St. Rep. 727, 27 Pac. 7; *Nichols v. McIntosh,* 19 Colo. 22, 34 Pac. 278.)

Budge & Budge and E. E. Chalmers, for Respondents.

Did the court err in not admitting Defendant Larocco's Exhibits Nos. 1 and 4 in evidence? We reiterate our objections here to the admissibility of the above-named exhibits. After these books were inspected by the court, our objection was sustained. We also call the court's attention to the following authorities herewith cited by us in support of our contentions asking the court to bear in mind this fact that these books are not the property of a party to this action; that the alleged entries do not represent the interest of a party to this action, but are merely the private memorandum of a third party. Our own statutes, in our opinion, settle conclusively the question of the admissibility of the exhibits referred to. Section 5996 of the Revised Statutes of 1887 reads as follows: The entries and writings of a decedent, made at or near the time of the transaction, and in a position to know the facts stated therein,

may be read as *prima facie* evidence of the facts stated therein, in the following cases: 1. When the entry was made against the interest of the person making it; 2. When it was made in a professional capacity, and in the ordinary course of professional conduct; 3. When it was made in the performance of a duty specially enjoined by law. (Greenleaf on Evidence, 14th ed., secs. 117-120; *Hay v. Peterson,* 6 Wyo. 419, 45 Pac. 1073, 34 L. R. A. 581, and notes; *Hall v. Chambersburg Woolen Co.,* 187 Pa. St. 18, 65 Am. St. Rep. 563, 40 Atl. 986, 52 L. R. A. 689, and notes on pp. 710, 711.)

SULLIVAN, J.—This action was brought by S. W. Kent against Abbie Larocco Richardson, who is the appellant here, Owen Quayle, Ed. Kent, and Matt Smit, to determine the value of the labor contributed by each of the parties hereto in the construction of that certain water ditch described in the complaint, and to have ascertained and decreed the interest that each owns in said ditch and the waters flowing therein, and for an injunction against the defendants, and for judgment for $200 against defendants Abbie Larocco Richardson and Quayle for damage plaintiff had sustained by their alleged unlawful acts in depriving plaintiff of the use of certain water. The appellant, Abbie Larocco Richardson, denied generally the material allegations of the complaint, and, by way of cross-complaint, alleged that she is the owner of certain land (describing it), and that she is the owner of seven-tenths of the ditch described in the complaint, and the water flowing through the same, and prays that plaintiff take nothing in this action, and that the amount of water flowing in said ditch be determined by the court, and that she be decreed to be the owner of seven-tenths thereof. By supplemental complaint, plaintiff demanded additional damages in the sum of $500. It appears that defendant Ed. Kent after the commencement of this action sold his interest in said ditch to the plaintiff, and that subsequent to the commencement of this action appellant Abbie Larocco intermarried with one J. M. Richardson, and that the trial court directed that all further proceedings therein, so far as she was concerned, should be in the name of Abbie Larocco Richardson. The cause was

tried by the court without a jury, findings of fact waived, and judgment was entered adjudging the plaintiff, S. W. Kent, to be the owner of an undivided six-fourteenths, and the appellant, Abbie Larocco, an undivided seven-fourteenths, and defendant Matt Smit an undivided one-fourteenth of said ditch, dams, headgates, and the water flowing therein. During the trial it was stipulated that the trial judge should view the dam and ditch in controversy, which he did, and the record shows that he found that the carrying capacity of said ditch was two thousand five hundred inches, and that there was an abundance of water in the Casto slough, from which said ditch was taken, to furnish that supply of water, and that the cost of the construction of said ditch was $2,800, although it is certified by the judge that counsel stipulated that the fixing of the cost of the construction of said ditch was immaterial, and for that reason that finding of the court on that fact was made regardless of the evidence. On the basis of $2,800 as the cost of said ditch, the court found that appellant was entitled to a credit or interest therein of $1,400, that defendant Smit was entitled to an interest of $200, and that respondent, S. W. Kent, was entitled to an interest or credit of $1,200 therein. It seems that the court adopted as the cost of said ditch the sum of $2,800, because of its division, without fractions, by the said six-fourteenths, one-fourteenth, and seven-fourteenths, those fractions representing the fractional parts of the ditch to which each of the parties were entitled. There was no controversy over the priority of rights to the use of water, and it was stipulated by respective counsel that there was plenty of water in Bear river and said Casto slough for all of the parties to this suit. It also appears that Joseph Larocco, prior to his death, with other parties, grantors of some of the parties to this suit, had a small ditch connecting said slough with Bear river, and had taken water through it during high-water season, and that in 1887, with their consent, one Riley Kent, the plaintiff, S. W. Kent, a man by name of Ward, and Adam Wilcox, went in together to enlarge said ditch, and to take water out to supply the wants of each, and a new ditch was completed in 1889. It appears that water was located for the benefit of said enterprise

by Joseph Larocco, Riley Kent, and Mrs. N. M. Pratt, and notice of location thereof duly recorded on May 24, 1887; claiming all of the water of Bear river running through Casto slough. After such location the parties continued the construction of said ditch and completed it. Thereafter all of the parties interested, and not parties to this suit, sold and transferred their respective interests in said ditch and water to the several parties plaintiff and defendants.

It is contended by counsel for appellant that the court erred in not determining the priorities of the parties to the use of the water conveyed by said ditch. Neither the pleadings nor the evidence presented that question for determination. Priority of the use of water from said ditch is not pleaded, nor does the prayer of either the complaint or cross-complaint ask that priorities be determined. The complaint prays for a determination of the value of the labor contributed by each of the parties and their grantors in the construction of said ditch, and for a determination of the interest that each have and own in said ditch and the water flowing therein, and for $200 damages, and the supplemental complaint prays for $500 damages additional. The appellant in her cross-complaint alleges that she is the owner of seven-tenths of said ditch and the water flowing therein. She nowhere alleges her priority to the use of said water, but does allege that she is entitled to seven-tenths thereof. The location notice of water for that ditch was signed by Joseph Larocco, the husband of appellant, and others. It also appears that water was only taken through the old ditch during high water to its enlargement. It is apparent from the record that no claim to priority was made by those owning the old ditch at the time the arrangement was made to let others go in and enlarge it, and it appears that they went in on an equal footing to enlarge said ditch, and apparently abandoned any right they may have had to priority in the use of water; that right being shown to have been a precarious one, as water had only been taken through the old ditch at high-water season. And it was stipulated that there was plenty of water for all of the parties to the suit. That fact alone would indicate that there was no contention over priorities. If there was such contention, it is

not indicated in the pleadings or testimony, and the court did not err in not finding the same. In the cases cited by appellant in support of said contention, the priorities of the parties were put in issue by the pleadings, and the court failed to find on them, and they are not in point for that reason.

It is contended that the evidence is insufficient to support the finding that $2,800 was the cost of the construction of said ditch. This court refuses to consider this assignment of error, for the reason that counsel is estopped from making it, as it was stipulated on the trial that the fixing of the cost of the construction of said ditch was immaterial, and the judge states in his certificate that under that stipulation said finding was made, regardless of the testimony. From the evidence, it was utterly impossible to ascertain the exact cost of the construction of said ditch, and it would have been equally so if the account books alleged to have been kept by Larocco had been admitted in evidence. It is admitted by counsel for appellant that the evidence shows that the cost of construction of said ditch was about $2,000 and the court found that one of the parties was entitled to a one-fourteenth interest in said ditch, and appellant to seven-fourteenths, and Kent six-fourteenths, and, by adopting $2,800 as the cost, the apportionment was made without fractions in the division, whereas, if $2,000 had been adopted as the cost, fractions would have resulted in the division.

The court did not err in rejecting said books of account, as it will not be contended that the entries made in said books were made against the interests of appellant, or that they were made in a professional capacity and in the ordinary course of professional conduct, or that they were made in the performance of a duty specially enjoined by law. (1 Greenleaf on Evidence, 14th ed., secs. 117-120; Rev. Stats., sec. 5996.) But taking said books for all that they show (we have them before us), in connection with all of the evidence in the case, and we conclude there is no error in the judgment. It is therefore affirmed. Costs of this appeal are awarded to the respondent.

Quarles, C. J., and Stockslager, J., concur.

ON REHEARING.

(January 15, 1903.)

STOCKSLAGER, J.—In the petition for rehearing in this case, it is earnestly urged by counsel for appellant that the evidence was insufficient to warrant the decree of the trial court, and judgment based thereon. An inspection of the record does not warrant this conclusion. Whilst it is true that plaintiff must establish the facts entitling him to a decree by legal evidence, and a preponderance as well, it is shown by the record that the parties stipulated in open court that the actual cost of the construction of the ditch was immaterial, and also that there was sufficient water to supply all the parties to the suit. The only question they wanted determined was the respective interests of the parties in the ditch, and this the court did, in the way agreed upon by all the parties to the suit.

It is next urged that the decree is not supported by the pleadings. This is true so far as the complaint as originally filed is concerned, but the affidavits of counsel for plaintiff and defendant show that by consent in open court the complaint was amended, the plaintiff claiming one-half of the ditch. The case was tried on this theory. The affidavit of the clerk of the court below shows that the original complaint has been lost, and he is not willing to say the complaint was not amended. He says no amended complaint was filed, but the contention of counsel for respondent and counsel who represented appellant at the time is that the complaint was to be amended by interlineation, and that such was done.

We see no reason to grant a rehearing, and rehearing is denied.

Sullivan, C. J., concurs.

Ailshie, J., took no part in this decision.