[Civ. No. 3901. First Appellate District, Division One.—October 25, 1921.]

JORGEN JENSEN, Plaintiff, v. JOE CARLENZOLI et al., Respondents; PETE MATTERI, Appellant.

[1] VENDOR AND VENDEE — PERFORMANCE BY SELLERS — BREACH BY PURCHASER—TITLE—RETENTION OF DEPOSIT.—Where the owners of a dairy operated upon leased premises agree to sell the same for a specified sum, accepting a part payment on account of such purchase price, and they agree to obtain the consent of their lessor to an assignment to the purchaser of the unexpired term of the lease, which is done, and the purchaser goes into possession of the property and is duly tendered a bill of sale for the same, the sellers, under such circumstances, are entitled to regard the title to the property as having vested in the purchaser and, upon a breach by the purchaser, they are not required to resort for relief to an action for damages but can stand upon the contract and retain the amount paid on account of the purchase price.

[2] ID. — MUTUALITY OF CONTRACT — CONCURRENT ACTS — TENDERING PERFORMANCE—DEFAULT.—The obligations of the parties to an agreement for the sale and purchase of property are mutual; and where the passing of title and payment for the property are intended to be concurrent, neither party can put the other in default except by tendering performance on his part, unless the other party waives the tender or by his conduct renders it unnecessary.

APPEAL from a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. P. Hall and E. J. Dole for Appellant.

F. A. Meyer and Frank J. Burke for Respondents.

KERRIGAN, J.—This was a suit in intervention brought by the plaintiff against the defendants to compel them to interplead and litigate their several claims to the sum of $1,250, which had been deposited by defendant and appellant Pete Matteri with the plaintiff as a payment on account of the purchase price of certain personal property sold to him by defendants and respondents Joe Carlenzoli and Frank Cavallero. Answers and cross-complaints were filed by the respective claimants, and the cause went to trial, and resulted in judgment that the amount of said deposit be paid over to the above-named respondents. Pete Matteri appeals from said judgment.

On or about the twenty-eighth day of July, 1920, Pete Matteri agreed to buy from Carlenzoli and Cavallero their dairy business located in Marin County, together with the unexpired term of their lease on the ranch upon which the business was conducted, for the price of $12,500. Of that amount $1,250 was paid to the plaintiff, as the agent of the respondents, on account of the agreed price, of which the balance was to be paid when the lessor of the said premises should consent to the assignment of its unexpired term from the respondents to the appellant. On August 1st Matteri, with the permission of the respondents, took possession of the personal property and premises. On the following day the respondents, having obtained their lessor's consent, duly assigned said lease to Matteri, who thereupon applied to a bank for a loan, the purpose of which was to enable him to complete the purchase of said property. The bank declined to make the requested loan unless Matteri should secure a five years' extension of said lease. Accordingly Matteri negotiated for and secured such extension upon what he concluded were satisfactory terms, although at a slight increase in rental therefor. Subsequently, and about a week after Matteri had taken possession of the dairy, he repudiated the transaction, abandoned the premises, and demanded the return of the $1,250. For the pur-

pose of protecting and preserving the property the respondents took possession of the dairy, and claim that since that time they have conducted it for and on account of Matteri. At all times since the making of their agreement with Matteri they have been and are now ready and willing to make and deliver to him a good and sufficient bill of sale of said personal property.

In the trial court the appellant's main if not sole contention was that one of the conditions of the sale was that the lessor would consent to accept him as a tenant for an extension of the lease for five years at the same rental as paid by the respondents. The preponderance of the evidence, however, was to the contrary, and the court so found. This is practically all there is to the case.

The $1,250 having been paid to the plaintiff as the agent of the respondents, it was of course in effect paid to them. The case then should be considered as an action by the appellant against the respondents to recover the amount of his first payment on the contract. [1] The findings—which are supported by the evidence—disclose that respondents agreed to sell the dairy for the sum of $12,500, accepting $1,250 on account of such purchase price; that they were to obtain the consent of the lessor to an assignment to appellant of the unexpired term of the lease, which they did; that appellant went into possession of the property and was duly tendered a bill of sale for the same.

Under these circumstances the respondents were entitled to regard the title to the property as having vested in the appellant (*Cuthill* v. *Peabody,* 19 Cal. App. 305 [125 Pac. 926]; *Bement* v. *Smith,* 15 Wend. (N. Y.) 493), and were not, therefore, required to resort for relief to an action for damages for breach of the contract, but could, as they did, stand upon the contract and retain the amount paid on account of the purchase price. The respondents having performed all the conditions of the contract undertaken by them, and the defendant Matteri having defaulted in the performance of his obligations thereunder, the latter may not recover his deposit. [2] The obligations of the parties to an agreement for the sale and purchase of property are mutual; and where the passing of title and payment for the property are intended to be concurrent, neither party can put the other in default except by tendering

performance on his part, unless the other party waives the tender or by his conduct renders it unnecessary. (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.