[Civ. No. 4007.  Second Appellate District, Division One.—April 18, 1924.]

F. O. FRAZIER, Respondent, v. SOUTHERN COUNTIES GAS COMPANY (a Corporation), Appellant.

[1] SALES — MAKING OF CONTRACT — EVIDENCE — FINDING — APPEAL.— In this action to recover a sum of money on account of certain gaspipe alleged to have been sold by plaintiff to the defendant and for which no payment was made, there having been substantial evidence to justify the finding of the trial court that the contract was made as alleged in the complaint, such finding was conclusive upon appeal.

[2] ID. — CONTRACT WITH DISTRICT SUPERINTENDENT — IMPLIED AUTHORITY—EVIDENCE.—In such action, the contract in question having been entered into between plaintiff and the district superintendent of defendant, and the evidence having shown that it was part of the recognized duty of the district superintendent to attend to the very business which was the foundation for the purchase of the pipe in controversy, and that in another transaction, which was a part of, or at least connected with, the particular transaction which brought about the purchase of such pipe, the district superintendent had acted with plaintiff in conjunction with other interested parties in a similar way, apparently with the knowledge, consent and approval of defendant, the trial court was justified in finding that the district superintendent had at least implied authority in the premises.

[3] ID.—FRAUD—PLEADING—FINDING—EVIDENCE—APPEAL.—In such action, conceding there was evidence that the gaspipe in question was second-hand, that certain neighbors of plaintiff, who were to receive the benefit of the pipe being laid in front of their

1.  See 2 Cal. Jur. 918.
2.  Authority of officer to represent corporation as inferred from manner in which he has been permitted to act, note, Ann. Cas. 1913D, 646.  See, also, 6 Cal. Jur. 1099; 7 R. C. L. 623.
3.  See 10 Cal. Jur. 1172; 2 R. C. L. 204.

several properties in order that they might make gas connection therewith, were to contribute to the cost of the pipe on the assumption that it was new pipe, and that because of such deceit plaintiff was to make a secret profit on the transaction, there also having been evidence which would have warranted a finding that plaintiff's conduct was blameless and entirely free from either legal or moral criticism, and no fraud having been pleaded by the defendant as against plaintiff, and there having been no finding by the trial court on the subject, the appellate court was powerless to afford defendant any relief, even were it so inclined.

[4] ID.—DELIVERY—EVIDENCE—FINDING—MEASURE OF RECOVERY.—In such action, the evidence having shown that, although the gaspipe was physically on the property of plaintiff, the defendant took possession thereof to the extent of sending its workmen to select and segregate the pipe desired by defendant from the pipe which was not acceptable to it, which was followed by defendant's taking measurements of the pipe which was to be used and the removal of the threads from the designated pipe preparatory to using it as contemplated by all the interested parties, the finding of the trial court that the pipe was sold and delivered was conclusive upon appeal; and the measure of plaintiff's recovery was the agreed price of the pipe, and not merely the difference between the contract price of the pipe and the value of the pipe to plaintiff.

[5] ID.—FAILURE TO REMOVE PIPE—RIGHT TO STORAGE.—In such action, the evidence having shown that after defendant had selected and segregated the pipe and removed the threads therefrom it left the pipe scattered over the ground in full view of plaintiff's living-room window, that thereafter plaintiff notified defendant to remove the pipe, which defendant failed to do, and that plaintiff thereupon moved the pipe to the rear of his garage and piled it up in a neat pile, where it remained until the action was tried, the trial court properly allowed plaintiff a reasonable charge for storage of the pipe.

---

(1) 4 **C. J.,** p. 878, sec. 2853.    (2) 14a **C. J.,** p. 408, sec. 2257. (3) 4 **C. J.,** p. 778, sec. 2728.    (4) 35 **Cyc.,** pp. 191, 315, 579.    (5) 35 **Cyc.,** p. 599.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

4. When title passes to goods sold from mass, note, 9 **Ann. Cas.** 26. See 24 **R. C. L.** 24.

O. C. Sattinger and LeRoy M. Edwards for Appellant.

W. H. Thomas for Respondent. .

HOUSER, J.—This is an appeal from a judgment entered against the defendant in the sum of $310.35 on account of certain gaspipe alleged to have been sold by plaintiff to the defendant and for which no payment was made.

[1] Appellant urges as a reason for the reversal of the judgment that the evidence was insufficient to support the finding of fact that the contract of sale was made as alleged in the complaint. An examination, however, of the record discloses the fact that there was substantial evidence to justify such conclusion on the part of the judge of the trial court, and the rule is so well settled as to require no citation of authority that in such circumstances · the finding of the trial court cannot be disturbed on appeal.

[2] The contract in question was entered into between plaintiff and a district superintendent of the defendant, and it is claimed that there was no authority on the part of such agent to conclude the contract. The evidence shows that it was a part of the recognized duty of the district superintendent to attend to the very business which was the foundation for the purchase of the pipe, and that in another transaction, which was a part of, or at least closely connected with, the particular transaction which brought about the purchase of the pipe which is the subject of this controversy, the same agent had acted with the plaintiff in conjunction with other interested parties in a similar way, apparently with the knowledge, consent and approval of the defendant. In this connection, there was evidence to the effect that plaintiff had originally negotiated with the superior officer of the agent and had made with such superior officer a tentative contract entirely different from the one alleged in the complaint; but the finding of the court, by which this court is bound, and which finding was supported by other substantial evidence, is to the effect that the final contract was entered into between plaintiff and the district superintendent of the defendant, and that such agent had at least implied authority in the premises. It

must therefore follow that the defendant's specification to the effect that the agent was acting without authority in the premises must fail.

[3] It is also suggested that because the gaspipe was second-hand, and for the reason that certain neighbors of plaintiff who were to receive the benefit of the pipe being laid in front of their several properties in order that they might make gas connections therewith, were to contribute to the cost of the pipe on the assumption that it was new pipe, and that because of such deceit plaintiff was to make a secret profit on the transaction—the contract would be unenforceable. It is true that there was some evidence introduced on the trial which might justify such a conclusion. On the other hand, there was evidence from which the court would have been warranted in finding that plaintiff's conduct was blameless and entirely free from either legal or moral criticism. No fraud was pleaded by the defendant as against plaintiff; neither was there any finding by the court on the subject. Such being the case, the presumption must be that the suggestion of plaintiff's fraud in the matter was not favorably received by the judge of the trial court. Besides, no such issue having been presented by the pleadings, there was no duty resting on the court to make a finding in connection therewith. (*Burton* v. *Mullenary,* 147 Cal. 259 [81 Pac. 544]; *Glassell* v. *Glassell,* 147 Cal. 513 [82 Pac. 42]; *Moran* v. *Ross,* 79 Cal. 159 [21 Pac. 547].) There being no finding on the question of fraud and the evidence with reference thereto being conflicting, this court is powerless, were it so inclined, to afford the defendant any relief.

[4] It is also contended by the appellant that the trial court applied an erroneous rule of damages—the basis for such claim being that the pipe was not delivered to the defendant and consequently, instead of plaintiff being entitled to recover a judgment for the agreed price of the pipe, the damages should have been for the difference between the contract price of the pipe and the value of the pipe to the seller. In this regard the findings of the trial court are "that in conformity therewith (the contract) the plaintiff did sell and *deliver* to the above named defendant, under the specific terms of said agreement," the pipe in question. The transcript on appeal shows that, although

the pipe was physically on the property of the plaintiff, the defendant took possession thereof to the extent of sending its workmen to select and segregate the pipe desired by the defendant from the pipe which was not acceptable to it, which was followed by defendant's taking measurements of the pipe which was to be used; and on the following day other employees of the defendant removed the threads from the designated pipe preparatory to using it as contemplated by all the interested parties. The question of the time when title to personal property passes is treated in section 1140 of the Civil Code, by which it is declared that ''The title to personal property, sold or exchanged, passes to the buyer whenever the parties agree upon a present transfer, and the thing itself is identified, whether it is separated from other things or not.''

In the case of *Todd* v. *Lyon,* 55 Cal. App. 67 [202 Pac. 899], where the authorities are collected, the principle is announced that the question of the sale of personal property is to be ascertained from the intention of the parties, which is to be determined by the judge from all the facts and circumstances of the case; and where goods are identified and the price to be paid therefor depends upon some unit of measurement or invoicing thereafter to be made, the transfer is complete. (See, also, 35 Cyc. 192; *Jensen* v. *Carlenzoli,* 54 Cal. App. 656 [202 Pac. 452].) In the instant case, as found by the court, the parties agreed ''upon a present transfer''; the pipe sold was clearly identified by its selection and its segregation from other pipe, by the defendant, which was followed by acts showing the defendant's ownership. The intention of the parties was thus determined to be a present change in title to the pipe, and the trial judge by his findings so declared. The evidence amply supports the finding thereon and, as before stated, the rule is that such finding cannot now be disturbed by this court.

[5] Appellant's final complaint against the judgment is that the court erred in awarding the plaintiff the sum of $12 for storage of the pipe. It appears that after defendant had selected and segregated the pipe and had removed the threads therefrom it left the pipe scattered over the ground in full view of plaintiff's living-room window; that thereafter plaintiff notified the defendant to remove the

pipe, which the defendant failed to do. Plaintiff thereupon moved the pipe to the rear of his garage and piled it up in a neat pile, where it remained until the action was tried. The damages allowed by the trial court as a reasonable sum for the storage of the pipe on plaintiff's premises was the sum of one dollar per month. The rule with reference to plaintiff's right to recover for such storage is laid down in 35 Cyc., page 599, as follows: "The expenses incurred by the seller by reason of the breach of the contract may generally be recovered as part of the damages, such as extra expense incurred by reason of defendant's representations that he is ready for delivery, followed by repudiation, expense of resale, and expense for the keep of animals for a reasonable time in anticipation of a resale" (citing cases). In the case of *King* v. *Globe Grain & Milling Co.*, 58 Cal. App. 105 [208 Pac. 166], a recovery was permitted by the plaintiff in a case of this nature on account of warehouse charges. In the instant case, if it be assumed that on the failure of defendant to remove the pipe after having been notified by plaintiff to do so, plaintiff would have had the right to place the pipe in a warehouse, then there would seem to be no good reason why the defendant should not here be obliged to pay the reasonable charges for storage of the pipe on the premises of plaintiff.

We find no error in the record. The judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.