(October 21, 1924.)

E. W. DAVIS, Respondent, v. IDAHO MINERALS COMPANY, a Corporation, et al., Appellants.

[231 Pac. 712.]

WATER RIGHTS—PLEADING ESTOPPEL—FINDINGS AND CONCLUSIONS.

1. In the absence of fraud or mistake parol evidence is not admissible to modify, vary or contradict the terms of a written contract as to the subject matter covered by the contract.

2. Insufficient pleadings raise no issue requiring a finding thereon.

3. Findings of the trial court based on conflicting evidence where there is sufficient evidence, if uncontradicted, to sustain the findings, will not be disturbed.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action to quiet title to water. From judgment for plaintiff, defendants appeal. *Affirmed.*

James S. Byers, for Appellant.

Where the court omits to find on all of the material issues the judgment must be reversed. (*Standly* v. *Flint,* 10 Ida.

Publisher's Note.

1. Parol evidence to add to or vary a writing, see note in 56 Am. St. 659.

629, 79 Pac. 815; *Later Bros.* v. *Haywood,* 14 Ida. 45, 93 Pac. 374.)

The findings of fact should cover each and every material issue raised by the pleadings, and the findings of fact and conclusions of law and judgment of the court should be based thereon. (*Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416; C. S., sec. 6867.)

Whitcomb, Cowen & Clark, for Respondent.

Parol evidence is not admissible to modify, vary or alter the terms of a written contract. (*Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Tyson v. Neill,* 8 Ida. 603, 70 Pac. 790; *Fralick v. Mercer,* 27 Ida. 360, 148 Pac. 906; *Jensen v. McConnell Bros.,* 31 Ida. 87, 169 Pac. 292; *Beebe v. Pioneer Bank & Trust Co.,* 34 Ida. 385, 201 Pac. 717.)

When estoppel is improperly presented in the pleadings no findings thereon are required. (*Kent v. Richardson,* 8 Ida. 750, 71 Pac. 117.)

The findings of fact by the court and judgment thereon, based on evidence substantially conflicting, will not be disturbed on appeal. (Flynn's Digest, p. 54; *Olson v. Caufield,* 32 Ida. 308, 182 Pac. 527; *Independence P. M. Co., Ltd., v. Knauss,* 32 Ida. 269, 181 Pac. 701; *Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288.)

GIVENS, District Judge.—Respondent sued to quiet title to certain water out of Tramway Spring Creek, in Lemhi county, claiming the priority right thereto under appropriation, and use for domestic and irrigation purposes, and asking a permanent injunction against defendant's use thereof. Appellant Idaho Minerals Company denied respondent's title and claimed title in itself by purchase, adverse use, prescription and also that respondent was estopped to deny appellant's title. A decree was entered in favor of respondent, allowing appellants certain use of the water for mining purposes, when the water was not being used by respondent, and when such use by appellants would not interfere with respondent's use of the water.

Appellants urge in substance three errors, as follows:

1st.  That the evidence is insufficient to support the findings and decree of the court.

2d.  That the court failed to find on the issues of adverse use, prescription and estoppel.

3d.  That the court erred in refusing to allow appellants to prove a reversion agreement alleged to have been made at the time when appellants' predecessors in interest deeded certain of the water in question.

Taking up the last division first, the evidence in regard to the reversion agreement was in conflict with, and counter to, the written deed evidencing the transfer, and if admitted would have absolutely varied and changed the terms of this written instrument, and therefore was properly rejected.

With regard to the issues of adverse use, prescription and estoppel, no fraud was alleged in the answer and affirmative defenses, and paragraph eleven of the affirmative defense does not contain sufficient facts to allege estoppel against the plaintiff, and such being the case no specific findings were necessary thereon. (*Kent v. Richardson*, 8 Ida. 750, 71 Pac. 117; 21 C. J. 1247.)

In effect, the finding of the court held that there was no adverse use or prescription, and since the evidence is conflicting and is sufficient to support the findings, the decree will not be disturbed, which also answers appellants' first objection.

To the extent the decree allows appellants certain alternative rights it operates in appellants' favor, and therefore they will not be heard to complain. The decree is affirmed and costs are awarded respondent.

McCarthy, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.