[Civ. No. 5032. First Appellate District, Division Two.—January 29, 1925.]

E. POWERS, Respondent, v. C. M. BARTON et al., Appellants.

[1] SALES—ACTION TO RECOVER PURCHASE PRICE—QUALITY OF VINES SOLD — WARRANTY — ISSUES — FINDINGS.—In an action to recover the purchase price of certain rooted grape-vines sold and delivered by plaintiff to defendants, a finding by the trial court that

plaintiff agreed to sell to defendants certain rooted grape-vines of "No. 1 quality" will not support the claim that the vines were warranted "No. 1 quality," where no such warranty was pleaded and such finding was without the issues made by the pleadings.

[2] ID. — WARRANTY — ISSUES — FINDINGS. — In such action, the contention on appeal that the vines were warranted as "rooted grape-vines that were alive and in good condition and fit for planting and which, when properly planted, would grow," and that such warranty was breached by plaintiff, is without merit, where such warranty was admitted by plaintiff, and the court found "that plaintiff shipped live grape-vines which were fit to be planted and which would grow"; and such finding of performance by plaintiff having shown compliance in substance with the warranty claimed by defendant, the ,further finding that plaintiff agreed to sell merchandise which was inaccessible for examination by defendant at the time of sale and that plaintiff thereby warranted that the merchandise was sound and merchantable was immaterial.

[3] ID.—MANNER OF PACKING — PLEADINGS — FINDINGS — APPEAL.—In such action, the fact that the trial court found that the grape-vines when shipped by plaintiff "were packed solely in burlap and without straw or other packing for shipment to defendants" did not justify the contention on appeal that they were improperly packed, where the appellate court was not advised by either the pleadings or the findings as to whether the method of packing adopted by plaintiff was reasonably proper for that particular shipment, nor whether the method of packing so delineated was a proper or an improper method.

[4] ID.—QUALITY OF VINES SOLD—PLEADING—FINDINGS.—In such action, the finding of the trial court that plaintiff agreed to sell to defendants certain rooted grape-vines of "No. 1 quality" did not make that term of the contract material, where it was·not one of the alleged terms of the contract and was not one of the allegations contained in the pleadings of the plaintiff or the pleadings of the defendants. (Opinion on denial of rehearing.)

[5] ID.—COMMON COUNT PLEADING—WARRANTIES—ISSUES—FINDINGS. In such action, the fact that the plaintiff pleaded a common count did not prevent defendants from proving the express or implied warranties; but, when it came to preparing findings, the trial court was entitled to and required to make its findings on the issues made by the pleadings, and when, after the trial, it made a finding which affirmed or negatived the common count, that finding affirmed or negatived such issues of fact as came

5. See 3 Cal. Jur. 392.

within the purview of that common count. (Opinion on denial of rehearing.)

[6] ID.—PLEADINGS—ISSUES—TRIAL—APPEAL.—Where, in the trial of such action, the pleadings are treated as being sufficient to raise certain issues, the parties may not take a different position on appeal, nor should the appellate court. (Opinion on denial of rehearing.)

[7] ID. — COMPLIANCE WITH CONTRACT — EVIDENCE. — In such action, plaintiff having introduced evidence to the effect that he dug, dipped, packed, and shipped at a certain railroad point (to which he had contracted to deliver them f. o. b.) to defendants the vines which he had agreed to sell and that the vines were at that time in good condition, and defendants having introduced no evidence to the contrary, plaintiff was not required to prove what caused the subsequent change in the condition of the vines or why they did not grow. (Opinion on denial of rehearing.)

[8] ID.—WARRANTY—PLEADING—FINDINGS.—In such action, the findings of the trial court that "plaintiff knew at all times that such delivery [of grape-vines] to said defendants was for planting" in a designated county, and "that it is not true that there was any failure of the plaintiff to ship or deliver to defendants live grape-vines fit to be planted and which would grow, but, on the contrary, it is true that plaintiff shipped live grape-vines which were fit to be planted and which would grow," substantially complied with the language of the warranty alleged by plaintiff in one of his pleadings that the grape-vines "when properly planted would grow and plaintiff alleges in this connection that the rooted grape-vines so shipped to defendants . . . if properly cared for by defendants and properly planted in suitable soil in proper condition, that said grape-vines would in fact have grown"; and the trial court, in making its findings, was not required to go beyond the language used in the pleadings. (Opinion on denial of rehearing.)

[9] ID.—SUBSEQUENT CONVERSATION—FINDINGS.—In such action, the trial court was not required to make a finding as to the language used by defendants in a conversation which was held between plaintiff and defendants at the time the vines were rejected by the horticultural commissioner at the destination point, where the language used in such conversation was not an issue made by the pleadings. (Opinion on denial of rehearing.)

---

(1) 38 Cyc., p. 1970, n. 5.    (2) 38 Cyc., p. 1970, n. 3.    (3) 38 Cyc., p. 1968, n. 97.    (4) 38 Cyc., p. 1970, n. 7.    (5) 38 Cyc., p. 1984, n. 78.    (6) 3 C. J., p. 727, n. 99.    (7) 35 Cyc., p. 566, n. 89.    (8) 35 Cyc., p. 579, n. 20.    (9) 38 Cyc., p. 1966, n. 89.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Spaulding for Appellants.

Nutter, Hancock & Rutherford and C. J. Goodell for Respondent.

STURTEVANT, J.—This is an appeal from a judgment rendered for the purchase price of rooted grape-vines sold and delivered by the plaintiff to the defendants.

In the trial court an issue was made to the effect that the plaintiff had violated the state regulations enacted to prevent the spread of the disease known as phylloxera. That issue soon fell out of the case. A purported delivery was made in violation of the statute. The goods were intercepted, returned to the shipper, and thereafter a second delivery was made which wholly conformed to the statute. That subject matter became immaterial except in so far as the period of time is material which lapsed between the date that the plaintiff dug the grape-vines and the date on which the defendants attempted to reset the grape-vines. There is still present in the case a dispute as to whether the plaintiff sold his vines under an express or implied warranty, and whether he complied therewith and was entitled to judgment.

[1] The appellants claim that certain warranties were breached. We shall take up each of those claims separately. Commencing in the middle of finding number two, the appellants quote: "In this connection the court finds that in the month of December, 1922, at Manteca, California, the defendants made and entered into a contract with the plaintiff wherein and whereby the plaintiff agreed to sell to said defendants and they agreed to buy from him 18,000 Alicante rooted grape-vines of No. 1 quality at the price of $35.00 per thousand, free on board cars Manteca, California, and wherein and whereby they agreed to pay plaintiff the sum of $1.00 per thousand additional for the work and labor of packing of the vines; that subsequent thereto and in the month

of January, 1923, said defendants made a further and separate contract with plaintiff wherein and whereby said plaintiff agreed to sell to defendants and they agreed to buy from him 1900 Zinfandel rooted grape-vines of No. 1 quality at the price of $35.00 per thousand, free on board cars Manteca, California, and wherein and whereby said defendants further agreed to pay plaintiff an additional sum of $1.00 per thousand for the work and labor of packing said Zinfandel vines." Thereupon they base the statement that the vines were warranted No. 1 quality. An examination of the pleadings discloses that no such warranty was pleaded and that the findings which we have quoted is without the issues made by the pleadings. Such a finding cannot, therefore, support the claim of the appellants.

[2] Again the appellants contended that the vines were warranted as "rooted grape-vines that were alive and in good condition and fit for planting and which, when properly planted, would grow." This warranty was alleged by the defendants, it was admitted by the plaintiff, and the court found, "that plaintiff shipped live grape-vines which were fit to be planted and which would grow." It is therefore apparent that the warranty contended for was not breached.

The appellants also contended that the seller agreed to sell merchandise which was inaccessible for examination by the buyer at the time of the sale and that the seller thereby warranted that the merchandise was sound and merchantable. The pleadings alleged, the evidence proved, and the court found that the vines were to be delivered f. o. b. cars Manteca, California. As contended by the appellants the findings also recited that the vines were inaccessible to them and each of them and were never seen by them or either of them until the arrival of the vines at Hollister on the eighth day of February, 1923, but it also appears in the findings, "that the plaintiff shipped live grape-vines which were fit to be planted and which would grow." It appears to us that the finding last quoted recites a full compliance with the alleged warranty. The appellants have not attempted to show wherein the language of the finding of performance varies in substance from the warranty as claimed.

[3] In this court the appellants call attention to the fact that the seller undertook to pack the merchandise and thereupon they assert that the goods were improperly packed.

As to whether the merchandise was in fact properly or improperly packed no issue was made by the pleadings. True it is that some evidence was introduced in the trial court as to whether the merchandise was properly or improperly packed. The trial court made no finding on the subject except as follows: "That said vines when so shipped by plaintiff at Manteca on January 31, 1923, were packed solely in burlap and without straw or other packing for shipment to defendants at said Hollister. . . ." Whether the method of packing so delineated is a proper or improper method we are not advised. Neither are we advised by either the pleadings or the findings as to whether the method of packing adopted by the respondent was reasonably proper for this particular shipment.

There is evidence in the record that the vines were a fine lot and in good condition when they first arrived at Hollister. The respondent was the only witness who testified as to the condition of the vines when they were shipped from Manteca on January 31, 1923. He testified that the vines were at that time alive and in good condition. On the other hand, the evidence introduced by the appellants sustained the finding of the trial court that when the vines arrived at Hollister on February 8, 1923, all of said vines except about ten per cent thereof were in bad condition and not fit to plant. However, the record is silent as to whether the change in the condition of the vines between the time they left Manteca and arrived at Hollister was caused by improper packing, delay in transportation, some outside cause, or the natural result of keeping the plants out of the ground too long.

The trial court made some findings, which we have numbered a, b, c, and d.

(a) "The Court further finds that when said vines were so planted the defendants well knew the condition of said vines, as hereinabove described;

(b) "The Court further finds that after receiving, unloading, examining and inspecting said vines, defendants took no steps to reject any of them, or notify plaintiff of their condition until most of said 14,700 vines had been planted, but proceeded as aforesaid, to plant said 14,700 vines and permitted the remainder thereof to remain on their land;

(c) "That before said planting was entirely finished defendants did complain to said plaintiff about the said unsuitable and unfit condition of said vines;

(d) "The Court finds that the acts and conduct of defendants constituted and was an acceptance of said vines, and all thereof."

The appellants claim that each of those findings was immaterial and that neither one nor all would support a judgment for the respondent. Be that as it may, it is patent that each of said findings was without any issue made by the pleadings and that each is nugatory; but the other findings fully supported the judgment for the respondent.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 26, 1925, and the following opinion then rendered thereon:

THE COURT.—[4] The defendants and appellants have petitioned for a rehearing. They complain that in the opinion heretofore filed this court has committed certain errors. In that behalf they point to the passage in which we stated that the finding "No. 1 quality" was not within the issues. Thereupon they assert that it was one of the terms of the contract and, therefore, was material. However, it was not one of the alleged terms of the contract and was not one of the allegations contained in the pleadings of the plaintiff or the pleadings of the defendants.

[5] As the plaintiff pleaded a common count, the appellants claim that the express warranties and implied warranties could be proved. We have never held to the contrary. But when it came to preparing findings the trial court was entitled to and required to make its findings on the issues made by the pleadings. When, after the trial, it made a finding which affirmed or negatived the common count, that finding affirmed or negatived such issues of fact as came within the purview of that common count.

[6] Appellants argue that the pleadings were treated at the time as being sufficient and that on appeal the parties may not take a different position, nor should this court.

Nothing contained in the former opinion of this court, nor in this opinion, is at variance with that rule in any respect whatsoever.

The appellants also complain of our statement that the issue to the effect that on January 17, 1923, the plaintiff had not complied with the state regulations and qualified as a vendor of trees and vines, "soon fell out of the case," and thereupon they proceed to argue that the evidence of and concerning that issue brought out the facts that the vines were taken out of the ground and kept out from January 17th until February 8th, and that such evidence strongly argued that the vines were therefore in bad condition when they arrived at Hollister on February 8th. As all of that evidence was introduced without any limitation thereon and was not stricken out, it is patent that the evidence could have been, and doubtlessly was, used by the trial court for the purpose as stated by the appellants. In our former opinion we said nothing to the contrary and do not now.

The appellants quote our language in which we stated that this court was not advised ".either by the pleadings or the findings as to whether the method of packing . . . was reasonably proper." We repeat it. There was evidence introduced as to what is and what is not proper packing, but there was neither allegation nor finding on the subject. As there was no allegation on the subject no finding was necessary. However, when the court did make a finding, "they were packed solely in burlap and without straw or other packing," such finding was immaterial and moreover, as stated in our former opinion, we have nothing to compare it with so that we can draw a conclusion whether the method of packing was proper or improper.

[7] On the trial of the case the respondent introduced evidence to the effect that he dug, dipped, packed, and shipped at Manteca to the appellants the vines which he had agreed to sell and that the vines were at that time in good condition. The respondent at the trial took the position that thereupon he had made all of the proof that he was called upon to make. In this court he took the same position. Of course the appellants took the contrary position. However, they introduced no evidence to the effect that the vines were not in good condition when they left Manteca on January 31st, or did they introduce any evidence as to what caused

70 Cal. App.—50

the change in the condition of the vines and why the vines did not grow. On this application they seem to contend that the burden of making that proof rested on the respondent and they cite and rely on *Barrios* v. *Pacific States Trading Co.*, 41 Cal. App. 637 [183 Pac. 236]. A most cursory reading of that opinion shows a very different condition of the evidence.

In our former opinion we stated that "the appellants have not attempted to show wherein the language of the finding of performance varies in substance from the warranty as claimed." [8] The appellants assert that the warranty alleged by the plaintiff in one of his pleadings was "when properly planted would grow and plaintiff alleges in this connection that the rooted grape-vines so shipped to defendants . . . if properly cared for by defendants and properly planted in suitable soil in proper condition, that said grape-vines would in fact have grown." Then appellants assert that the trial court should have found that the vines "would grow not only when shipped at Manteca but also when planted by defendants at Hollister if properly cared for by defendants and properly planted in suitable soil in proper condition." To this contention there are two answers. One answer is that under the appellants' contention the trial court would have gone beyond the language used in the pleadings. The second answer is that the trial court did find that the "plaintiff knew at all times that such delivery to said defendants was for planting . . . in San Benito County," and "that it is not true that there was any failure of the plaintiff to ship or deliver to defendants live grape-vines fit to be planted and which would grow, but on the contrary, it is true that plaintiff shipped live grape-vines which were fit to be planted and which would grow." These findings substantially comply with the language of the warranty.

Again, the appellants contend that the trial court did not find that the vines delivered were or were not "in good condition." The first reply is that the point is new and this is the first time that the point has been made on this appeal. The next reply is that the appellants stated in their pleading called a counterclaim "that said plaintiff agreed with said defendants to sell and to ship to said defendants rooted grape-vines that were alive and in good condition and fit

for planting and which when properly planted would grow.
. . .'' Answering that allegation the respondent alleged
that ''he agreed with defendants to sell f. o. b. Manteca,
San Joaquin County, California, and to ship to defendants
rooted grape-vines that were alive and in good condition,
and fit for planting, and which, when properly planted
would grow, and plaintiff alleges in this connection that the
rooted grape-vines so shipped to defendants were in fact
alive and in good condition and were fit for planting and if
properly cared for by defendants and properly planted in
suitable soil in proper condition that said grape-vines would
in fact have grown.'' Replying to the issue so made by the
pleadings the trial court made the last finding contained
in its decision. While that paragraph does not use the exact
words used in the pleadings, we think it is a finding that
is full, fair, and complete on this issue.

Again, the appellants assert that the trial court did not
find that the vines shipped were in ''No. 1 quality.'' What
we have said above as to ''No. 1 quality'' applies here.

[9] In this same connection the appellants make an-
other point for the first time. They call attention to a tele-
phone conversation which was held between the plaintiff and
the defendants at the time the vines were rejected by the
horticultural commissioner at Hollister. Thereupon the ap-
pellants complain because the trial court made no finding in
response to the language used by the appellants in holding
that telephone conversation. Of course, the answer is that
we are talking about findings and not about a bill of excep-
tions. The language used in the telephone conversation was
not an issue made by the pleadings. It was merely evidence
offered at the trial.

The petition is denied.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on March 30, 1925.

Richards, J., dissented from the order denying a hearing
in the supreme court.