(July 27, 1925.)

CON C. PEOPLES, Appellant, v. GEORGE A. WHITWORTH and AGNES WHITWORTH, Husband and Wife, GEORGE D. WHITWORTH and CLARA M. WHITWORTH, Husband and Wife, THE FIRST SAVINGS BANK OF POCATELLO, a Corporation, THE FIRST NATIONAL BANK OF POCATELLO, IDAHO, a Corporation, McCAMMON STATE BANK, a Corporation, CONSOLIDATED WAGON & MACHINE COMPANY, a Corporation, and ALEXANDER KITTLE, Respondents.

[238 Pac. 306.]

TRIAL BY COURT — FINDINGS OF FACT — CONFORMITY TO PLEADINGS, ISSUES AND PROOFS — MATTERS NOT IN ISSUE — IMMATERIAL MATTERS—CHATTEL MORTGAGES—PERMISSION TO SELL PROPERTY— EFFECT.

1. A trial court need not find on issues not tendered by the pleadings.

41 Idaho—15

2. A trial court need not find on immaterial matters.

3. A mortgagee who gives his mortgagor permission to sell personal property covered by the mortgage waives the lien of the mortgage as to such property.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action in conversion, Judgment for defendants. *Affirmed.*

Peterson & Coffin, for Appellant.

Where the mortgagee of chattels authorizes the mortgagor to sell the same and hold the proceeds subject to the orders of the mortgagee, and such an understanding is communicated by the mortgagor to a bank to whom the proceeds come, and the bank has full knowledge of the agreement between the mortgagor and mortgagee, the bank is liable to the mortgagee for the amount of the proceeds if it applies those proceeds upon its own indebtedness upon receipt of the same. (*Bellevue State Bank v. Hailey Nat. Bank,* 37 Ida. 121, 215 Pac. 126.)

Where the mortgagee, under such circumstances, agrees with the mortgagor that a sale of the mortgaged property may be had and the proceeds applied upon the mortgaged indebtedness, and the bank to whom the proceeds come has notice of such agreement, it is liable to the mortgagee for the proceeds if it applies those proceeds other than upon the mortgage indebtedness. (*Bellevue State Bank v. Hailey Nat. Bank, supra; Cone v. Ivinson,* 4 Wyo. 203, 33 Pac. 31, 35 Pac. 933; *Alter v. Bank of Stockham* (on rehearing), 53 Neb. 223, 73 N. W. 667.)

Budge & Merrill, for Respondents.

The findings of the trial court should be responsive to the issues raised by the pleadings, and it is not error for

Publisher's Note.

3. Implied authority of mortgagor to sell mortgaged goods, see note in Ann. Cas. 1913D, 586.

the court to fail to find on matters not within the issues. (*Kent v. Richardson*, 8 Ida. 750, 71 Pac. 117; *Glassell v. Glassell*, 147 Cal. 510, 82 Pac. 42; *Ward v. Sherman*, 155 Cal. 287, 100 Pac. 864; *Boothe v. Farmers & Traders' Bank*, 53 Or. 576, 98 Pac. 509, 101 Pac. 390; *Johnson v. All Night and Day Bank*, 17 Cal. App. 571, 120 Pac. 432; *Mentry v. Broadway Bank & Trust Co.*, 20 Cal. App. 388, 129 Pac. 470; *Gowdy Gas, Well, Oil & Mineral Co. v. Patterson*, 29 Ind. App. 261, 64 N. E. 485.)

When mortgaged personal property is sold by the mortgagor with the consent of the mortgagee, the lien of the mortgage is waived and the mortgagor cannot follow either the property previously mortgaged or the proceeds. (*Knollin v. Jones*, 7 Ida. 466, 63 Pac. 638; *Adamson v. Moyes*, 32 Ida. 469, 184 Pac. 849; *Bellevue State Bank v. Hailey Nat. Bank*, 37 Ida. 121, 215 Pac. 126; *Maier v. Freeman*, 112 Cal. 8, 44 Pac. 357; *Ramsey v. California Packing Corp.*, 51 Cal. App. 517, 201 Pac. 481; *Luther v. Lee*, 62 Mont. 174, 204 Pac. 365; *Carr v. Brawley*, 34 Okl. 500, 125 Pac. 1131, 43 L. R. A., N. S., 302; *Rawlins County Bank v. Walters*, 92 Kan. 391, 140 Pac. 864; *Courgran v. Western Elev.*, 22 S. D. 214, 116 N. W. 1122; *Hout v. Clemans*, 167 Iowa, 330, 149 N. W. 442, L. R. A. 1915C, 166; *Loughlin v. Larsen*, 27 S. D. 376, 131 N. W. 304; *Simon-Casady & Co. v. German Savings Bank*, 159 Iowa, 149, 140 N. W. 401; *Fairweather v. Nelson*, 76 Minn. 510, 79 N. W. 506; *Stinson v. Sneed* (Tex. Civ.), 163 S. W. 989; *Irish v. Citizens' Trust Co.*, 163 Fed. 880; *New York County Nat. Bank v. Massey*, 192 U. S. 138, 24 Sup. Ct. 199, 48 L. ed. 380; *Rogers v. Whitney*, 91 Vt. 79, 99 Atl. 419; *Stephens v. Board of Education*, 79 N. Y. 183.)

TAYLOR, J.—This action was instituted in the district court of Bannock county to foreclose four mortgages, one a real property mortgage and the other three chattel mortgages, executed by George A. Whitworth and Agnes Whitworth, his wife, and George D. Whitworth and Clara M. Whitworth, his wife, George D. Whitworth being the son

of George A. Whitworth. All of these parties, together with three banks, the First Savings Bank of Pocatello, the First National Bank of Pocatello, and the McCammon State Bank of McCammon, were made defendants.

The complaint, as finally amended, alleged, *inter alia,* that, on or about November 18, 1920, defendants George A. Whitworth and George D. Whitworth, "without right and in violation of the terms of" a certain chattel mortgage, referred to in the complaint as exhibit "B," sold 239 head of cattle to Clay, Robinson & Company of Omaha, Nebraska, for $10,196.84, which sum was delivered to defendant McCammon State Bank; that the three defendant banks, knowing that the said money was the proceeds of the sale of cattle that were included in the chattel mortgage referred to, acting concertedly, converted the said sum of $10,196.84 to their own use by retaining it and giving the Whitworths credit on obligations due and owing by them to the said banks; that the said defendant banks refused to account to the plaintiff for this money; and that the defendant banks were jointly and severally indebted to the plaintiff for this sum, with interest at seven per cent per annum from November 18, 1920, for which plaintiff prayed judgment.

The three banks answered, denying specifically these allegations. The defendant First Savings Bank filed a cross-complaint seeking to foreclose two mortgages, one of realty and the other of personalty, executed by George A. Whitworth, Agnes Whitworth, George D. Whitworth and Clara M. Whitworth, who, together with plaintiff in the main action and the defendants Consolidated Wagon & Machine Company and Alexander Kittle, were made cross-defendants.

The cause was tried to the court, sitting without a jury. All the defendants except the three banks, and all the cross-defendants except Peoples, failed to appear, and their default was entered. The court made findings of fact and conclusions of law, and rendered judgment foreclosing the four mortgages in the complaint, in accordance with the prayer thereof, but dismissing the action as to the three defendant banks. The court also made findings of fact and conclusions

of law in the cross-action, and decreed the foreclosure of the two mortgages described in the cross-complaint, in accordance with the prayer thereof. The appellant, plaintiff below, appeals to this court from that portion of the judgment dismissing the action as against the three defendant banks.

The court's findings on the feature of the case concerning the alleged conversion of the proceeds of the sale of the cattle by the three defendant banks, were, substantially, that the defendants George A. Whitworth and George D. Whitworth did not, "without right and in violation of the terms of" the chattel mortgage referred to, sell 239 head of cattle to Clay, Robinson & Company for $10,196.84; that the said sale "was not unlawful or in violation of the" mortgage, "but was made with the consent of the plaintiff herein"; that the three defendant banks did not convert the said sum or any part thereof; that the receipt and retention of the said money by the banks were lawful; and. that the three defendant banks were not liable, either jointly or severally, to the plaintiff for the said sum or any part thereof.

The assignments of error may be considered in the following classes:

(1) That the court erred in finding that the banks did not convert the money, and in concluding that the plaintiff was not entitled to any judgment against them.

(2) That the court erred in failing to find whether or not the Whitworths had agreed with the plaintiff that, in consideration of his consenting to the sale of the cattle, they would hold the proceeds of the sale subject to his order, and whether or not the defendant banks had knowledge of this agreement.

(3) That the court erred in failing to find whether or not the defendant banks had knowledge of the fact that the cattle sold were covered by a mortgage to the plaintiff.

The first assignment is purely general in character, and is disposed of by our conclusions regarding the other two.

The defendants George A. Whitworth, Agnes Whitworth, George D. Whitworth and Clara M. Whitworth executed

and delivered to appellant the chattel mortgage in controversy, which covered one thousand head of mixed range cattle, and was given as partial security for the payment of ten promissory notes, aggregating in principal $58,715, the first note being for the principal sum of $6,515, and the other nine for $5,800 each. The notes fell due one year apart, beginning November 1, 1917.

Appellant, in his brief, explains his theory of this case in this wise: In the fall of 1920, George A. Whitworth obtained from Theodore Turner, agent for appellant, permission to sell 224 head of cattle covered by this mortgage, in return for his promise to hold the proceeds subject to Mr. Turner's directions. Mr. Whitworth communicated this arrangement to Carl A. Valentine, the president of all three respondent banks, advising him that it was his purpose to divide the proceeds of the sale between Mr Peoples and the First National Bank, the Whitworths being indebted to that bank, also. George A. Whitworth and George D. Whitworth then shipped the 224 cattle mentioned, with 15 others not covered by the mortgage, to Omaha, Nebraska, and sold them to Clay, Robinson & Company, receiving, as net proceeds, the sum of $10,196.84. This sum was remitted by Clay, Robinson & Company direct to the McCammon State Bank for the benefit of the Whitworths. The McCammon State Bank thereupon forwarded $10,000 of this money to the First National Bank of Pocatello, which, in turn, applied it to the payment of past due indebtedness of the Whitworths.

Appellant cites *Bellevue State Bank v. Hailey Nat. Bank,* 37 Ida. 121, 215 Pac. 126, in support of his argument that, under the above state of facts, which he asserts were proven by the evidence, the respondent banks are liable to appellant for the proceeds of this sale. Assuming, but not deciding, that, under such a state of facts, the banks might be liable to appellant, we hold that the lower court did not err in failing to find on this matter of alleged agreement between Mr. Whitworth and the appellant, and notice thereof to the banks, because the agreement was not pleaded,

and the fact, therefore, was not in issue. The simple rule that all ultimate facts which it is proposed to establish in a suit must be pleaded is too well known and widely recognized to need elaboration. A trial court need not find on issues not tendered by the pleadings. (*Davis v. Idaho Minerals Co.*, 40 Ida. 64, 231 Pac. 712; *Coulson v. Aberdeen-Springfield Canal Co.*, 39 Ida. 320, 227 Pac. 29; *Kent v. Richardson*, 8 Ida. 750, 71 Pac. 117; *Powers v. Barton* (Cal. App.), 234 Pac. 435; *Warder v. Hutchison*, 169 Cal. App. 291, 231 Pac. 563; *Frazier v. Southern Counties Gas Co.*, 66 Cal. App. 609, 226 Pac. 833.)

Appellant alleged that defendants George A. Whitworth and George D. Whitworth, "without right and in violation of the terms" of the mortgage, sold the cattle, while the evidence all showed, appellant stipulated, and the court found, that the sale was made with the consent of appellant. The sale was not, therefore, wrongful or unlawful, or in violation of the terms of the mortgage, for appellant's consent to the sale had the effect of waiving the lien of the mortgage as to this property. (*Bellevue State Bank v. Hailey National Bank, supra.*)

The third assignment of error might be construed in either of two ways, but in either event it is without merit. If appellant means to infer that the court should have found whether or not the banks knew that, at the time of the sale, the cattle sold were covered by the mortgage to appellant, we need only point out that the court did expressly find that the cattle were not covered by the mortgage at the time of the sale, the lien of the mortgage as to these cattle having been waived, and that, since they were not covered by the mortgage at the time of the sale, the banks could not, of course, have had knowledge that they were. If, on the other hand, appellant means to infer that the court should have found whether or not the banks knew that the cattle had been previously mortgaged to him, we simply say that such fact was immaterial in the absence of an allegation of an agreement between appellant and the Whitworths that the mortgage would be released as to

these cattle in consideration that the proceeds of the sale would be applied on the mortgage indebtedness. The fact of the agreement and the banks' knowledge thereof are the vital points in appellant's theory of the case, and since they were not pleaded, and must therefore be disregarded, the theory of appellant falls to the ground. A trial court need not find on immaterial matters. (*Koon v. Empey*, 40 Ida. 6, 231 Pac. 1097; *Berding v. Northwestern Securities Co.*, 36 Ida. 384, 211 Pac. 62; *Shawver v. Shawver*, 25 Ida. 70, 136 Pac. 436; *Tage v. Alberts*, 2 Ida. 271, 13 Pac. 19.)

Appellant's contentions that the court erred in failing to find whether or not certain facts existed are further answered by the findings that the Whitworths did not, without right or in violation of the mortgage, sell or dispose of the property, and that the banks did not unlawfully convert the proceeds, which amount to negative findings as to those matters.

Finding no error in the record, we affirm the judgment. Costs to respondents.

Wm. E. Lee and Givens, JJ., concur.

William A. Lee, C. J., did not sit at the hearing and took no part in the decision.

Budge, J., deeming himself disqualified, did not sit at the hearing and took no part in the decision.